UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 6327**

―――――――――――――――――――――X

MARTINE'S SERVICE CENTER, INC. AND
MICHAEL C. MARTINE,
      PLAINTIFFS,

COMPLAINT
IN A CIVIL
ACTION

VS

THE TOWN OF WALLKILL, JOHN WARD, individually
and as Supervisor of the Town of Wallkill, ROBERT HERTMAN,
individually and as Chief of Police of the Town of Wallkill,
EUGENE JAQUES, individually and as Building Inspector of
the Town of Wallkill; DON KIMBLE, individually and as
Deputy Building Inspector of the Town of Wallkill,
WALTER J. BARRETT, individually and as Assistant
Building Inspector of the Town of Wallkill, and JOHN DOES I, II,
and III. Individually and as officers of the Town of Wallkill,

CASE NO:
07 CV ( )

JURY DEMAND

      DEFENDANTS.

―――――――――――――――――――――X

The Plaintiffs, Martine's Service Center, Inc. and Michael C. Martine, by their attorney, Stephen L. Oppenheim, Esq., complaining of the defendants, show to the Court and allege:

1. Plaintiff Martine's Service Center, Inc. is a corporation duly organized and existing under the laws of the State of New York, having its principal office and place of business in the Town of Wallkill, Orange County, New York.

2. Plaintiff Michael C. Martine is an individual residing in the County of Orange, State of New York.

3. Defendant Town of Wallkill is a municipal corporation of the State of New York, being a town within Orange County, duly organized and existing under and pursuant to the laws of the State of New York.

4. Upon information and belief, Defendant John Ward is an individual residing in the County of Orange, State of New York.

5. Upon information and belief, Defendant Ward was at all times during the years 2005 through and including 2007, and continuing, the duly elected and functioning Supervisor and chief executive officer and Freedom of Information Appeals Officer of the Town of Wallkill.

6. Upon information and belief, Defendant Robert Hertman is an individual residing in the County of Orange, State of New York.

7. Upon information and belief, Defendant Hertman was at all times during the years 2005 through and including 2007, and continuing, the duly appointed and functioning Chief of Police of the Town of Wallkill.

8. Upon information and belief, Defendant Eugene Jaques is an individual residing in the County of Orange, State of New York.

9. Upon information and belief, Defendant Eugene Jaques was at all times during the years 2005 through and including 2007, and continuing, the duly appointed and functioning Building Inspector of the Town of Wallkill.

10. Upon information and belief, Defendant Don Kimble is an individual residing in the County of Orange, State of New York.

11. Upon information and belief, Defendant Don Kimble was at all times during the years 2005 through and including 2007, and continuing, the duly appointed and functioning Deputy Building Inspector of the Town of Wallkill

12. Upon information and belief, Defendant Walter J. Barrett is an individual residing in the County of Orange, State of New York.

13. Upon information and belief, Defendant Walter J. Barrett was at all times during the years 2005 through and including 2007, and continuing, the duly appointed and functioning Assistant Building Inspector of the Town of Wallkill.

14. Upon information and belief, Defendants John Doe I, II, and III are individuals residing in the County of Orange, State of New York.

15. Upon information and belief, Defendants John Doe I, II, and II were at all times during the years 2005 through and including 2007, and continuing, duly appointed and functioning officers and officials of the Town of Wallkill, whose names and duties are presently unknown to the Plaintiff.

## JURISDICTION

16. This claim arises under 42 U.S.C. Sections 1981, 1983, and 1988; the First, Fifth and Fourteenth Amendments to the Constitution of the United States; Article 1, Section 6 of the Constitution of the State of New York; and the Laws of the United States and the State of New York. Jurisdiction exists in this Court by virtue of 28 U.S.C. Sections 1331, 1343 (a)(3), and 1367.

17. The venue of this action is properly placed in the Southern District of New York in which, upon information and belief, all of the Parties reside.

## BACKGROUND

18. Since on, before, and after the 25th day of March 1993, until the effective date of Chapter 225 of the Code of the Town of Wallkill in 1999, the Town of Wallkill maintained an informal rotating towing list of car towing services to be used by the Defendant Town of Wallkill for its own use and to be called to service motorists who require towing services. The said informal car towing service list is sometimes referred to by Defendants as the "unofficial" list.

19. Said informal towing list was created and maintained by the Town of Wallkill by its then Supervisor, William Cummings.

20. Said informal list was maintained for the Defendant Town and kept in operation for the Defendant Town by the Police Department of Defendant Town with the consent of the Defendant Town and its Supervisor.

21. On February 25, 1999 the Town Board of the Defendant Town adopted Chapter 225 of the Town Code of the Town of Wallkill which adopted and formalized the maintenance of a towing list in and for the Defendant Town of Wallkill.

22. Said Chapter 225 has been in full force and effect, and continues in full force and effect, since its effective date in 1999.

23. Since its effective date in 1999, Chapter 225 has been, and continues to be, the sole law, rule, or regulation of the Town of Wallkill regulating the conducting of a towing list in the Town of Wallkill.

24. Placement on the informal list and upon the list maintained pursuant to Chapter 225 gives towing service operators the opportunity, on a rotating basis, to render

towing services to the Defendant Town and to motorists recommended to them by the Defendant Town and to render additional services, such as repairs and storage to said motorists.

25. The lists are open to all car towing services operating in the Town of Wallkill.
26. Placement on the towing lists is a valuable right which towing operators, including Plaintiffs, have reasonable expectation of retaining unless removed for cause and with due process.
27. On and after March 25, 1993, Plaintiff Martine's Service Center, Inc.(hereinafter "Martine's") was a member in good standing of the informal rotating service list.
28. At all times herein mentioned, Plaintiff Michael C. Martine was and still is the President, sole stockholder, principal, and chief executive officer of Plaintiff Martine's.
29. On March 25, 1993, Defendant Town of Wallkill by its then Supervisor William Cummings, acting within the scope of his authority, orally and permanently, removed plaintiff Martine's from the informal rotating towing list, which was later confirmed in writing on the next day.
30. Such removal was made without notice to the Plaintiffs and without an opportunity to be heard.
31. No charges were ever made against the Plaintiffs in regard to such removal from the informal rotating towing list.
32. No hearing or opportunity to be heard was ever accorded to Plaintiffs in regard to their removal from the informal towing list.
33. As a result thereof, Plaintiff Martine's brought a proceeding in the Supreme Court of the State of New York, County of Orange, entitled as follows:

>SUPREME COURT OF THE STATE OF NEW YORK
>COUNTY OPF ORANGE
>―――――――――――――――――――――――――――x
>In the Matter of Martine's Service Center, Inc.
>
>                              Petitioner,
>
>             against

      The Town of Wallkill, William Cummings. as
      Supervisor of the Town of Wallkill, the Town Board
      of the Town of Wallkill, and the Police Department
      of the Town of Wallkill

                Respondents.

_____x

34. In such proceeding Plaintiff Martine's sought judgment:

   1. Annulling the determinations of March 25 and March 26, 1993 removing petitioner from the car towing service list of the Town of Wallkill;
   2. Directing Respondents to place petitioner in regular rotation on the car towing service list of the Town of Wallkill and to call petitioner and refer motorists to petitioner in the same manner as if petitioner had not been removed from the said car towing list;
   3. Granting such other and further relief as to the Court might seem just and proper, together with the costs and disbursements o this proceeding

35. Respondents in said state proceeding, including Defendant herein Town of Wallkill and its Supervisor and Police Department, duly appeared in said proceeding, and defended the proceeding.

36. The court in said state proceeding granted judgment to Plaintiff Martine's against the respondents therein, including Defendant herein Town of Wallkill and its Supervisor and Police Department, as follows:

> ORDERED, ADJUDGE, AND DECREED that the determinations removing Petitioner from the car towing service list, made on March 25 and March 26, 1993, are hereby declared to be unconstitutional and illegal; and it is
>
> FURTHER ORDERED ADJUDGED, AND DECREED that the determinations to remove Petitioner from the car towing service list of the Town of Wallkill made on March 25 and March 26, 1993, be and the same hereby are annulled; and it is

> FURTHER ORDERED, ADJUDGED, AND DECREED that Petitioner be and it hereby is restored to membership in the car towing service list of the Town of Wallkill; and it is
>
> FURTHER ORDERED, ADJUDGED, AND DECREED that Respondents be and they hereby are directed to place Petitioner in regular rotation on the car towing service list of the Town of Wallkill and to call Petitioner and refer motorists to Petitioner in the same manner as if Petitioner had not been removed from the said car towing service list;

37. In rendering judgment for Plaintiff Martine's against Respondents therein, the state court made findings of fact and conclusions of law. Among the conclusions of law, the state court found:

> 1. As a result of the foregoing, Petitioner was removed from the Respondents' car towing service list without due process in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of Article 1, Sec. 6 of the Constitution of the State of New York;
> 2. Petitioner is entitled to a judgment declaring that its removal from Respondents' car towing service list is unconstitutional and illegal;
> 3. Petitioner is entitled to a judgment restoring it to Respondents' car towing service list;
> 4. Petitioner is entitled to a judgment directing that Respondents place Petitioner in regular rotation on Respondents' car towing service list and to call Petitioner and refer motorists to Petitioner in the same manner as if Petitioner had not been removed from the said car towing service list.

38. A copy of the judgment, the findings of fact, and the conclusions of law were duly served on the Respondents in the state proceeding.
39. A copy of the Findings of Fact, Conclusions of law and Judgment entered by the state court is attached hereto, made a part hereof, marked <u>Exhibit 1</u>, and incorporated herein as if at length hereat set forth.
40. As a result thereof, Plaintiff Martine's was restored to the car towing service list of Defendant Town of Wallkill.

41. No appeal was taken form the judgment of the state court set forth in <u>Exhibit 1</u>.
42. The judgment set forth in <u>Exhibit 1</u> has never been modified or otherwise changed in any fashion whatsoever.
43. The judgment set forth in <u>Exhibit 1</u> remains in full force and effect.
44. Plaintiff Martine's remained a member in good standing of said informal car towing service list up until the adoption and effective date of Article 225 of the Code of the Defendant Town.
45. Section 225-4 K of Chapter 225 provides as follows;

> K. Any tow truck operator on the current unofficial towing list shall automatically be placed on the new towing list established by this chapter
> .

46. As a result thereof, Plaintiff Martine's automatically became a member of the car towing service list created by virtue of Chapter 225.
47. On March 23, 1994, Plaintiffs began an action in this Court entitled:

```
UNITED STATE DISTRICT COURT
SOUTHERN USTRICT OF NEW YORK
-------------------------------------------------------------x

MARTINE'S SERVICE CENTER, INC AND
MICHAEL MARTINE                                    94 CIV 2013

                                Plaintiffs
            -against-
THE TOWN OF WALLKILL, and WILLIAM
CUMMINGS, individually and as supervisor
of the Town of Wallkill,

                                Defendants
-------------------------------------------------------------x
```

48. The action asserted two causes of action, the first of which sought damages from the Defendant Town of Wallkill and its then Supervisor under U.S.C. Sec. 1983 for the foregoing conduct.

49. Plaintiffs made a motion for summary judgment and Defendants cross-moved for summary judgment.
50. Chief Judge Brieant granted Plaintiffs summary judgment on their first claim, the 1983 cause of action. A copy of Judge Brieant's decision is attached hereto, made a part hereof, and marked Exhibit 2.
51. Rather than trying the issues of damages, in February 1995, the Defendants agreed to, and did, pay to Plaintiffs the sum of $27,000.00 in settlement of their first claim, the 1983 cause of action, in full of the Plaintiffs' damages and counsel fees.

## AS AND FOR A FIRST CAUSE OF ACTION

52. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 51 hereof, inclusive, as if hereat at length set forth.
53. On April 28, 2005 Defendants acting through Defendant Barrett who was acting as Assistant Building Inspector of the Defendant Town of Wallkill, suspended Plaintiff Martine's from the car towing service list by a letter, a copy of which is attached hereto, made a part hereof, and marked Exhibit 3.
54. Such suspension was made without notice to Plaintiffs and without an opportunity to be heard.
55. Upon information and belief, Defendant Barrett sent a copy of Exhibit 3 to Defendant Ward, Supervisor of the Defendant Town of Wallkill; all councilmen of the Defendant Town of Wallkill; Hobart Simpson, an attorney for the Town of Wallkill; Sergeant David Scott, an officer of the New York State Police; and to Defendant Hertman, as chief of Police of the Defendant Town of Wallkill.
56. No charges have ever been laid against the Plaintiffs in regard to either the removal or the suspension of Plaintiff Martine's from the car service towing list.
57. Nevertheless, Defendants have failed and refused to treat Plaintiff Martine's as an approved tow operator since on and about April 28, 2005.
58. Plaintiff Martine's remains an approved tow operator in the Defendant Town of Wallkill by virtue of the judgment, Exhibit 1 and Chapter 225 of the Code of the Defendant Town.

59. No notice, hearing, or opportunity to be heard has ever been afforded to Plaintiffs in regard to the removal and suspension of Plaintiff Martine's from the car towing service list.

60. Since the entry of the Findings of Fact, Conclusions of Law and Judgment, Exhibit 1, the Defendant Town has continued to maintain the List for its own use and for calling operators to service motorists who require towing services.

61. The Defendant Town has continued to maintain the List under the supervision of the Supervisor of the moment.

62. The List has continued to be maintained for the Defendant Town and kept by the Police Department with the consent and approval of the Defendant Town, the Supervisor, and the Town Board.

63. Placement on the List continues to give the towing service operators the opportunity, on a rotating basis, to render towing service to the Defendant Town and to motorists recommended to them by the Town and to render additional services, such as repairs and storage, to said motorists.

64. The List continues to be open to all towing service operators in the Defendant Town of Wallkill.

65. Placement on the List continues to be a valuable right which towing service operators have reasonable expectation of retaining unless removed for cause and with due process.

66. Plaintiff Martine's has continued to be a member in good standing of the List as maintained by the Defendant Town.

67. Plaintiff Martine's has not committed any violation that would justify its removal from the List.

68. The Defendant Town and its officials in charge of the operation of the List have since on or about April 28, 2005 stopped calling Plaintiff Martine's in regular rotation under the List, having stopped calling Martine's altogether under the List, and have stopped referring motorists to Martine's for car towing and additional services under the List.

69. No action has been taken by the Defendants or any of them to restore Plaintiff Martine's to the car service towing list.

70. No charges have been placed against Plaintiff Martine's in regard to stopping its the rotation and referral under the List.
71. No hearing or opportunity to be heard was afforded to Plaintiff Martine's in regard to its stopping its rotation and referral under the List.
72. Since on and after April 28, 2005 Plaintiff Martine's has received no calls in rotation and referrals as a member of the List.
73. Plaintiff Martine's has been and continues to be denied procedural and substantive due process by the conduct of the Defendant Town, its Defendant Supervisor, the Town Board, and the Police Department in stopping Martine's rotation and referrals under the List and in keeping it off the List without standards and without notice and an opportunity to be heard.
74. The Defendant Town continues to have no published standards for removal of members from the List other except that Section 225.4 G and H provide for action in the event that a tow operator makes excessive and/or exorbitant charges and/or fails to respond to a call.
75. In regard to excessive and/or exorbitant charges, Section 225.4 G provides only that "the town shall have a right to investigate the same and to take appropriate action with respect thereto."
76. The Code does not provide any notice and/or opportunity to be heard in regard to excessive and/or exorbitant charges; nor does the Code provide who shall act on behalf of the Defendant Town; nor does the Code supply any standard for the exercise of the Defendant Town's powers in regard to fees.
77. In regard to failure to respond to calls, Section 225.4 H provides that failure "may result in suspension or revocation of a permit or other appropriate penalty at the discretion of the Chief of Police after affording the tower the right to a hearing with respect thereto, with an attorney and formal written charges."
78. The Code contains no standard upon which the discretion of the Chief of Police shall exercise his/her discretion in regard to failure to respond to calls.
79. Upon information and belief, the Defendant Chief of Police did not exercise his discretion to impose a penalty upon Plaintiff Martine's.

80. Plaintiff Martine's did not receive a hearing in regard to any alleged failure to respond to a call, whether with or without an attorney; nor was Plaintiff Martine's ever given any formal written charges in regard to any alleged failure to respond to a call.
81. Plaintiff Martine's did not fail to respond to any call.
82. Sections 225.4 G and H do not provide constitutionally sufficient standards for the exercise of executive decisions nor for sufficient notice and opportunity to be heard.
83. Upon information and believe, the actions taken against Plaintiff Martine's on and since April 28, 2005 were not taken pursuant to either Section 225.4 G or H.
84. Upon information and belief, the decision to suspend or revoke the membership of Plaintiff Martine's in the List was not taken by the Defendant Chief of Police.
85. Neither Defendant Barrett nor any other official of the Building Department of the Defendant Town had the authority, under law, to suspend or revoke the membership of Plaintiff Martine's in the List.
86. Chapter 225 provides no other basis or procedure for suspending or revoking a tower's permit or imposing any other penalty in regard to any matter other than excessive or exorbitant fees and/or failure to respond.
87. The Defendant Town continues to have no standards, written or otherwise, of any kind for the suspension or removal of members from the List other that Sections 225.4 G and H.
88. The conduct of the Defendant Town and its officials in stopping calling Plaintiff Martine's in rotation and in stopping referring Plaintiff Martine's to motorists is in violation of the said judgment of Justice Barone dated October 22, 1993,Exhibit 1.
89. Plaintiffs have duly demanded from each of the Defendants that Plaintiff Martine's be restored to the car towing service list.
90. Nevertheless, Defendants have failed and refused to restore Plaintiff Martine's to the car service towing list.

91. Plaintiffs believe that they are being, unconstitutionally and illegally, made the object of unequal and discriminatory protection of laws and enforcement of the law.

92. Acting thereon, in September, 2005, Plaintiffs properly made various Freedom of Information demands on Defendant Town by service on the Town Clerk of the Town for information regarding the enforcement or non-enforcement of laws in regard to tow car services operators and auto storage sites.

93. The Town Clerk did not provide the information demanded.

94. Whereupon, in September and October, 2005 Plaintiffs appealed to Defendant Ward in his capacity as FOIL Appeals Officer of the Town,

95. Defendant Ward has not rendered decisions on the Plaintiffs' appeals.

96. However, Defendant Town has admitted that Plaintiffs are entitled to the information demanded, by letter copy of which is attached hereto, made a part hereof, and marked _____4.

97. Nevertheless, Defendants have totally failed and neglected to produce the information requested, without any justification in law or otherwise.

98. As a result thereof, Plaintiff Marine's has been removed from rotation and referral under the List and Plaintiffs have been denied information to which they are entitled without due process in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of Article I, Sections 6 and 11 of the Constitution of the State of New York.

99. As a result thereof, Plaintiff Martine's is entitled to a judgment declaring that its removal from rotation and referral under the List is unconstitutional and illegal.

100. As a result, Plaintiff Martine's is entitled to judgment directing the Defendants, including the Town and its officials, to comply with and to continue to comply with the terms of the said judgment of Justice Barone dated October 22, 1993.

101. As a result thereof, Plaintiff Martine's is entitled to judgment restoring it to referral and rotation under the List.

102. As a result thereof Plaintiff Martine's is entitled to judgment directing that the Defendants, including the Town and its officials who operate the List, place

Plaintiff Martine's in regular rotation on the List and to call Plaintiff Martine's and refer Plaintiff Martine's to motorists in the same manner as if Plaintiff Martine's had not been removed from rotation and referral under the List.

103. As a result Plaintiffs are entitled to judgment that Defendants, including the Defendant Town and its officials, to provide Plaintiffs with the information contained in Plaintiffs' FOIL demands of September 2005.

## AS AND FOR A SECOND CAUSE OF ACTION

104. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 103 hereof, inclusive, as if hereat at length set forth.

105. As a result, Plaintiffs are entitled to judgment directing that the Defendants, including the Town and its officials, to comply with and to continue to comply with the terms of the said judgment of Justice Barone dated October 22, 1993, <u>Exhibit 1 herein</u>, and declaring that said judgment is in full force and effect.

106. As a result Plaintiffs are entitled to judgment that Defendants, including the Defendant Town and its officials, provide Plaintiffs with the information contained in Plaintiffs' FOIL demands of September 2005.

## DAMAGES

107. Plaintiffs suffered damage as a direct and proximate result of the actions complained of herein, including the deprivation of their right to due process and the equal protection of laws under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States.

108. Plaintiffs suffered damages as a direct and proximate result of the actions complained of by Defendants unconstitutional interference with Plaintiff's expectation of continued approved membership in the towing service list and with their property right in their continued membership, until it shall have been terminated according to law.

109.    Plaintiffs suffered damages from the loss of income and reputation as a as result of the conduct complained of; and denial of their constitutional rights.

JURY DEMAND.
Plaintiff demands trial of the action by jury.

Wherefore, Plaintiff demands judgment:

a. granting Plaintiffs compensatory damages, jointly and severally, against all the Defendants in an amount to be proved and determined at trial.

b. granting Plaintiffs punitive damages against the individual Defendants in an amount to be proved and determined at trial.

c. granting Plaintiffs judgment directing that the Defendants, including Town and its officials who operate the List, place Plaintiff Martine's in regular rotation on the List and call Plaintiff Martine's and refer Plaintiff Martine's to motorists in the same manner as if Plaintiff Martine's had not been removed from rotation and referral under the List.

d. granting Plaintiffs judgment declaring that the removal of Plaintiff Martine's from rotation and referral under the List is unconstitutional and illegal.

e., granting Plaintiffs judgment directing Defendants, including the Defendant Town and its officials, to comply with and to continue to comply with the terms of the said judgment of Justice Barone dated October 22, 1993.

f. granting Plaintiffs judgment that Plaintiff Martine's is entitled restoration to, referral under, and rotation under the List.

g. granting judgment that Defendants, including the Defendant Town and its officials, provide Defendant with the information contained in Plaintiffs' FOIL demands and appeals of September, 2005.

h. granting Plaintiffs the costs and disbursements of this action, attorney's fees pursuant to 42 U.S.C. Section 1988, and such other and further relief as the Court deems fair and reasonable the circumstances.

Dated: JULY 5, 2007

/s/

---------------------------------------------------
STEPHEN L. OPPENHEIM (SO 6643)
ATTORNEY FOR PLAINTIFFS
OFFICE AND P.O. ADDRESS
55 E. 9TH STREET - 3C
NEW YORK, NEW YORK 10003.