**EXHIBIT 1**

At a Term of the Supreme Court held in and for the County of Orange at the Orange County Government Center on the 18th day of October, 1993

P R E S E N T :

HON. LOUIS A. BARONE

Justice of the Supreme Court

------------------------------------------X

In the Matter of MARTINE'S SERVICE CENTER, INC.,

      Petitioner,

-against-

THE TOWN OF WALLKILL, WILLIAM CUMMINGS, as Supervisor of the Town of Wallkill, THE TOWN BOARD OF THE TOWN OF WALLKILL and THE POLICE DEPARTMENT OF THE TOWN OF WALLKILL,

      Respondents.

------------------------------------------X

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

Index No. 4069-93
Assigned to Justice Barone

Petitioner having brought this proceeding for a judgment:

1. Annulling the determinations of March 25 and March 26, 1993 removing petitioner from the car towing service list of the Town of Wallkill;

2. Directing Respondents to place petitioner in regular rotation on the car towing service list of the Town of Wallkill and to call petitioner and refer motorist to petitioner in the same manner as if petitioner had not been removed from the said car towing service list; and

3. Granting such other and further relief as to the Court might seem just and proper, together with the costs and disbursements of this proceeding.

1

Exhibit 3

And, this matter having regularly come on to be heard by this Court, and this Court having heard Stephen L. Oppenheim, attorney for petitioner in support of the petitioner, and H. Malcolm Stewart, III, attorney for Respondents in opposition to the petition, and due deliberation having been had,

NOW on reading and filing the Notice of Petition herein dated June 23, 1993; the petitioner herein, verified June 23, 1993, with the exhibits thereto; the deposition of William Cummings, taken on August 13, 1993, in support of the petition; and the answer herein verified July 16, 1993, I do hereby make the following findings and conclusion and judgment:

FINDINGS OF FACT:

I make the following findings of fact:

1. At all times herein mentioned Petitioner was and still is a domestic corporation having its principal office and place of business in the Town of Wallkill, Orange County, New York.

2. At all times herein mentioned Respondent Town of Wallkill was and still is a township of the State of New York, located in Orange County, and having its principal office at 600 Route 211 East, Middletown, New York, 10940.

3. At all times herein mentioned Respondent Cummings was and still is the duly elected, qualified, and functioning Supervisor of the respondent Town of Wallkill.

4. At all times herein mentioned Respondent Town Board was and still is the duly elected, qualified, and functioning town board, legislative body, of the Respondent Town of Wallkill.

5. At all times herein mentioned Respondent Police Department of the Town of Wallkill was and still is the duly qualified and functioning police force of the Town of Wallkill.

6. On, prior to, and since the 25th day of March, 1993, Respondents have maintained a rotating list of car towing services to be used by the Town of Wallkill for its own use and to be called to service motorists who require towing services.

7. Said list was created and maintained by the Town of Wallkill under the Supervision of the Respondent Supervisor, Cummings.

8. Said list is maintained for the Town and kept in operation for the Town by the Respondent Police Department with the consent and approval of the Respondents, Town, Supervisor and Town Board.

9. Placement on the list gives towing service operators the opportunity on a rotating basis to render towing service to the Town and to the motorists recommended to them by the Town and to render additional services, such as repairs and storage, to said motorists.

10. The list is open to all car towing service operators in the Town of Wallkill.

11. Placement on the list is a valuable right which towing service operators have reasonable expectation of retaining unless removed for cause and with due process.

12. On and prior to March 25, 1993, Petitioner was a member in good standing of the rotating car towing service list maintained by Respondents.

13. On March 25, 1993, Respondent Cummings, acting as Supervisor, within the scope of his authority, orally and permanently, removed Petitioner from the car towing list.

14. Such removal was made without notice to Petitioner and without an opportunity to be heard.

15. Such oral removal was confirmed in writing by the Respondent Supervisor on March 26, 1993 by letter, a copy of which was sent to the members of the Respondent Town Board and the Respondent Police Department. A copy of the written notice is attached to the petitioner, made a part thereof and marked <u>Exhibit 1</u>.

16. No charges have ever been laid against the Petitioner in regard to its removal from the car towing service list.

17. No hearing or opportunity to be heard has been afforded to Petitioner in regard to its removal form the car towing service list.

18. Petitioner has duly demanded that it be restored to the car towing service list.

19. No action has been taken to restore Petitioner to the car towing service list.

20. Petitioner has remained off the car towing service list continuously since March 25, 1993.

4

21. Petitioner has received no referrals as a member of the car towing service list since March 25, 1993.

22. In addition to removing Petitioner from the car towing service list without notice, without charges and without an opportunity to be heard, Respondent Cummings, within his authority to act, advised the media, including the <u>Times-Herald Record</u> newspaper of Middletown, New York of his intention to act against Petitioner and of his having done so. Such public statements impaired Petitioner's good name, reputation, honor and integrity and exposed Petitioner to a "badge of infamy" without any opportunity to be heard. Copies of published articles in said newspaper are attached to the petition, made a part thereof and marked together as <u>Exhibit 2</u>.

23. Petitioner has been damaged by the conduct of Respondents in its good name, reputation, honor and integrity having been impaired and in the loss of business attributable to its having been removed from the list and its good name, reputation, honor and integrity having been impaired.

24. In addition, Respondents have established no standards for removal of members of the car towing service list from the list.

25. Petitioner has been denied procedural and substantive due process by the conduct of Respondents in removing Petitioner from the car towing service list and in keeping it off the list without standards and without notice, charges and an opportunity to be heard.

5

26. Respondents have no published standards for removal of members from the car towing service list.

27. Respondents have no standards of any kind for removal of members from the car towing service list.

28. Removal of members of the car towing service list is dependent solely on what Respondent Cummings decides.

29. There are no standards, written or otherwise, to guide Respondent Cummings in determining who to suspend from the car towing services list.

CONCLUSIONS OF LAW:

And I do hereby make the following conclusions of law:

1. As a result of the foregoing, Petitioner was removed from the Respondents' care towing service list without due process in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of Article 1, §6 of the Constitution of the State of New York;

2. Petitioner is entitled to a judgment declaring that its removal from Respondents' car towing service list is unconstitutional and illegal;

3. Petitioner is entitled to a judgment restoring it to Respondents' car towing service list;

4. Petitioner is entitled to a judgment directing that Respondents place Petitioner in regular rotation on Respondents' car towing service list and to call Petitioner and refer motorists to Petitioner in the same manner as if Petitioner had not been removed from the said car towing service list; and

5. Petitioner is entitled to the costs and disbursements of this proceeding.

NOW, THEREFORE, on motion of Stephen L. Oppenheim, attorney for Petitioner, it is

ORDERED, ADJUDGED, and DECREED that the determinations removing Petitioner from the car towing service list, made on March 25 and March 26, 1993, are hereby declared to be unconstitutional and illegal; and it is

FURTHER ORDERED, ADJUDGED, and DECREED that the determinations to remove Petitioner form the car towing service list of the Town of Wallkill, made on March 25 and March 26, 1993, be and the same hereby are annulled; and it is

FURTHER ORDERED, ADJUDGED, and DECREED that Petitioner be and it hereby is restored to membership in the car towing service list of the Town of Wallkill; and it is

FURTHER ORDERED, ADJUDGED, and DECREED that Respondents be and they hereby are directed to place Petitioner in regular rotation on the car towing service list of the Town of Wallkill and to call Petitioner and refer motorist to Petitioner in the same manner as if Petitioner had not been removed from the said car towing service list; and it is

FURTHER ORDERED that the Clerk of Orange County be and hereby is directed to tax the costs and disbursements of

7

Petitioner herein and issue judgment to Petitioner therefor against Respondents.

                                  E N T **LOUIS A. BARONE**
                                  /s/ **SUPREME COURT JUSTICE**
                                  J.S.C.

Signed:   Goshen, New York
             October 22, 1993

[... P.O. Box ..., Middletown, New York 10940]
William F. Cummings, Supervisor
(914) 692-5811

March 26, 1993

Mr. Martino
Martino's Service Center, Inc.
487 Route 211 East
Middletown, NY 10940

Dear Mr. Martino:

Based on the number of complaints received by the Town in reference to your service, I am suspending use of your towing service until such a time as the Town Board makes a final decision on this matter.

You may submit, in writing, any information you feel would be helpful to the Town Board in reviewing the complaints. In addition, you may, if you desire, speak with the Town Board on this issue.

Please advise this office within ten days of your intentions.

Sincerely,

William F. Cummings
Supervisor

cc. H. Mills
    J. Scarano
    F. Truchous
    I. Wall
    J. HANSEN
    POLICE DEPARTMENT

Exhibit 1

30 ****   Friday, March 26, 1993   The Times Herald Record

# Tow driver accused of gouging

By JOHN SCIBILLI
Staff Writer

SOUTHTOWN — A local towing operator might be moved if it is soon as the county seat of Wallkill Public Department's board becomes next Monday as charged with overcharging motorists during the blizzard 11 days ago.

Michael Martine, owner of Martine's Service Center in Southtown, charged two motorists between $244 and $260 to pull their snow covered automobiles back onto the roadway and then tow them to his service station on Route 211 Wed.

Wallkill Supervisor Bill Cummings said he received complaints from motorists and planned to speak with Mr. Martine yesterday. The supervisor could not be reached for comment last night.

"It sounds to me like he took advantage of a bad situation and I don't like that," Cummings said earlier in the week. "We can't control his rates, but we can certainly control who we have tow for the town. And if what I've heard about his fees during that weekend storm is true, then he won't be towing for the town anymore."

Laurel Cody, of Patio Road, said she was charged $200 to have her car towed by Martine on Saturday, March 13, the day the worst snowstorm in a century hit the mid-Hudson.

She said her car got stuck that afternoon on Silver Lake Southtown Road. She called police and said she would move it as soon as she could. The next morning the car was gone, towed because it was in the way of plow clearing the road. Mrs. Cody had no idea where her car was. She called around and heard it had been towed by Martine's.

"It was towed at 8 a.m. Sunday. She said she went to Martine's at 11 a.m. to retrieve her car.

Mrs. Cody said her total bill was $200, but her husband Mike, an employee with the town highway department, talked a manager at Martine's station into reducing the bill to $100.

"and he wouldn't give us a receipt," Mrs. Cody said.

Martine said the $200 bill was justified because of the expense of running his business.

"Some of those cars were buried in snow and took a couple of hours for two or three men to get out," Martine said. "We're not talking about just looking on and pulling a car out. Some of these cars were buried up to their roofs with snow."

He said he and his crew towed more than a dozen cars that day, but only owners whose cars were buried in snow were charged in the $200 range. Martine said the costs of providing 24-hour towing service along Route 17 and else where require higher rates. He also said his crew will tow in blizzards while other towers in the area won't.

"We were out non-stop that day," he said. "Myself and two or three other men. That night we couldn't even find so much as a cup of coffee because everything was closed down."

A spokesman for the New York chapter of the American Automobile Association said AAA member towers will not tow a snowbound car.

"We don't consider that to be emergency roadside service," said Robert Lavner, manager of media relations. A tow less than three miles by AAA is free. A tow of more than three miles is $50 for the first mile and $1.50 for each additional mile, Lavner said.

Eight companies are on the police department's tow list.

A poll of other towers on the department's list showed most did little or no towing the weekend of the storm. They charged between $30 and $60 per tow.

One motorist was billed $90 for his tow.

Steve Halfer, an employee at Mike's Quickway Auto, at Route 17 and 302 in Circleville, said the usual rate to hook a car off the road and pull it back on is between $25 and $35. Towing to a local garage costs an additional $50.

"We've been towing for the town for 12 years," Halfer said. "We did at least a dozen pull-outs that weekend and charged between $25 and $35."

Bill Gloster, owner of Gloster's Sunoco, on Route 211, has towed for the town for 19 years. He charged $65 for most of the tows that weekend. One customer was charged $90, he said, because workers spent time hooking up a winch to pull the car out of deep snow.

"The rates were impossible by the time we got to some cars," Gloster said. "I wish I could get the rates you say (Martine) charged. If you talk to insurance carriers (for towers), they say the average to should be $100, but you can't get that around here. People just wouldn't accept it."

"I can justify a tow for $100, but a motorist can't," Gloster said.

# Bridge closing delay asked

## Businesses, homeowners worry about impact

By MARY TROY
Record Correspondent

HIGHLAND MILLS — Central Valley residents want the Orange County Public Works Department to hold off on a scheduled bridge repair until after Labor Day.

About 40 homeowners and business people came to Woodbury Town Hall last night to express their concerns about the impact of closing a part of Smith Clove Road. The heavily traveled road is slated to be shut down around May 1 to replace a 70-year-old bridge, said Ronald Meyer of Orange County DPW. Meyer said the $5.20 job should reach some structures that will be cut off when the bridge is shut down. A shorter detour over Estrada and Fulkirk Roads will service smaller vehicles.

Town of Woodbury Fire Chief Kevin Abrams asked its firm start and finish dates so his department can be prepared. He also wants the county to assume liability for any damage that results from the fire department's slow response. Meyer said the county takes out insurance for these jobs.

In response to some residents' requests, a foot bridge will be erected to accommodate walkers. Meyer said he

- Custom Curtains
- Draperies + Shades
- Service + Durene
- Expert Wallpapering
- Parking
- Reupholstering

Exhibit 2

## Town wants towing firm to talk

SCOTCHTOWN — Martino's Service Center has been suspended from the Town of Wallkill Police Department's towing list.

Supervisor Bill Cummings said the service center has been suspended until a company official appears before the Town Board to explain why it charged at least two motorists more than $300 to tow their vehicles during the weekend blizzard two-and-a-half weeks ago.

During the storm, most of the other towing companies charged between $30 and $60.

Service Center owner Michael Martino said he had no comment last night.

Last week Martino said he charged the price because the vehicles were buried in snow and required at least two men to dig out the cars, pull them to roadways, then hook them before towing them to his business up Route 211.

Cummings said he wants Martino to explain his rates to the board, and then let the board decide whether to return Martino to the department's towing list.

...e read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated knowledge, is based upon the following:

The reason I make this affirmation instead of _____ is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

STATE OF NEW YORK, COUNTY OF _____ ss.:  (Print signer's name below signature)

_____ being sworn says: I am

☐ in the action herein; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged information and belief, and as to those matters I believe them to be true.

☐ the _____ of _____ a corporation, one of the parties to the action; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on _____, 19__

_____
(Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF Sullivan   ss.:

Lori A. Williams being sworn says: I am not a party to the action, am over 18 years age and reside at Napanoch, NY

On October 26, 1993, I served a true copy of the annexed Findings of Facts, Conclusions of Law & Judgment in the following manner:

☒ by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ by delivering the same personally to the persons and at the addresses indicated below:

H. Malcolm Stewart, III, Esq.
P.O. Box 312, 160 Main St.
Goshen, NY 10924

Sworn to before me on October 26, 1993

Notary Public
STEPHEN L. OPPENHEIM
ATTORNEY & COUNSELLOR AT LAW
N.Y.S.-SULLIVAN COUNTY CLERK'S #718
COMMISSION EXPIRES DECEMBER 31, 19 94

Lori A. Williams
(Print signer's name below signature)
Lori A. Williams

Exhibit 3

Index No. 4069           Year 19 93

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

In the Matter of MARTINE'S SERVICE CENTER, INC.

                                        Petitioner,

                -against-

THE TOWN OF WALLKILL, WILLIAM CUMMINGS, as
Supervisor of the Town of Wallkill, THE TOWN BOARD
OF THE TOWN OF WALLKILL and THE POLICE DEPARTMENT
OF THE TOWN OF WALLKILL,

                                        Respondents.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

STEPHEN L. OPPENHEIM, ESQ.
~~OPPENHEIM & MELTZER~~
Attorneys for Petitioner

253 BROADWAY
P. O. BOX 29
MONTICELLO, NEW YORK 12701
(914) 794-7111

ORIGINAL FILED
ORANGE COUNTY CLERK
93 OCT 25 AM 10:32

To:

Attorney(s) for

Service of a copy of the within                                   is hereby admitted.

Dated:

                                        ..........................................
                                                Attorney(s) for

**PLEASE TAKE NOTICE**

[X] NOTICE OF ENTRY  that the within is a (certified) true copy of a _Findings of Fact, conclusions of Law and Judgment_ entered in the office of the clerk of the within named Court on _October 25, 1993_

[ ] NOTICE OF SETTLEMENT  that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on _____ 19__, at _____ M.

Dated: October 26, 1993

                                        OPPENHEIM
                                        Attorneys for Petitioner

To: H. Malcolm Stewart, III, Esq.

                                        253 BROADWAY
                                        P. O. BOX 29
                                        MONTICELLO, NEW YORK 12701