**STEPHEN L. OPPENHEIM**
55 EAST 9TH STREET – 3C
NEW YORK, NEW YORK 10003
TELEPHONE 212/673-5887
FAX 212/598-9709

December 13, 2007


DEC 17 2007
CHAMBERS OF
STEPHEN C. ROBINSON
U.S.D.J.

Hon Stephen C. Robinson
United States Courthouse
300 Quarropas Street   Room 633
White Plains, New York 10601-4150

Martine vs Town of Wallkill
07 CIV 6327 SCR

## MEMO ENDORSED

Dear Judge Robinson:

Leave is hereby requested to make a motion to compel Defendants to serve an Amended Answer consistent with the facts within their knowledge.

It is respectfully submitted that the denials and denials of information and belief of the present Answer cannot be sustained on the basis of facts known to the Defendants to be true.

There are several categories of Defendants' denials that cannot withstand analysis. Some examples of the problems raised by the denials are:

1. Frivolous denials:
   Defendants have denied facts which they necessarily know to be true. For example, the Town must know that it paid the Plaintiffs $27,000.00 to settle the original federal case. Its denial of paragraph 51 is frivolous. Likewise, the denial, in paragraphs 54, 59, and 71 of not having given notice, a hearing, or opportunity to be heard in regard to the removal of Martine's from the towing list is frivolous, unless they have some evidence, unknown to Plaintiffs, that Plaintiffs were in fact given an opportunity to be heard (which is hard to believe in light of their admission in paragraph 80). Defendants cannot in good faith deny that they have stopped calling Martine's under the car-towing list, as set forth in paragraphs 68 and 72. Defendants cannot deny in good faith that none of them have taken any actions to restore Martine's to the car-towing list, as set forth in paragraph 69.

Unless Defendants claim that Martine's counsel was not acting on behalf of the Plaintiffs and that the Town's attorney, Mr. McHugh, was not acting on behalf of the Town, Defendants cannot in good faith deny the allegations of paragraphs 92-97 of the Complaint. In light of my registered letter of March 18, 2007 and the return receipts in my possession, it is frivolous for the Defendants to deny in paragraphs 89 and 90 that Plaintiffs have demanded that Martine's be restored to the car-towing list and that Defendants have failed and refused to do so.

2. Facts that are necessarily in the Defendants' knowledge:
Defendants cannot deny knowledge of facts that are demonstrably in their knowledge. For example, since the Town was a respondent in the state proceeding, it must know whether or not it was served with the judgment, conclusions of law, and findings of fact in that proceeding; as a result, it cannot deny knowledge or information whether it was served with those documents as it has done in paragraph 38 of the Answer.

3. Facts established in prior litigation between the parties:
As between the Plaintiffs and the Town some facts are established by the prior litigation and cannot be denied by the Town. As to the other defendants these facts are established by collateral estoppel. The Defendants cannot in good faith deny these facts; nor can their counsel certify that the denial is made in good faith. For example, the denial of paragraphs 18, 19, 20, 24, 25, 26, 27, 29, 30, 31,and 32 flies in the face of Findings of Fact 6,7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the Findings of Fact, Conclusions of Law, and Judgment of Mr. Justice Barone in Matter of Martine's Service Center, Inc. vs The Town of Wallkill, et al., Index No. 4069-93, entered in the Office of the Clerk of Orange County on October 23, 1993. The allegations of paragraphs 48 and 50 are also a matter of the prior litigation between the parties which the defendants are not in position to deny. (I call to the Court's attention and that of Defendants' counsel the decision of Judge Barone dated June 9, 1994 denying the Town's motion to vacate or modify certain Findings of Fact.)

4. Facts which are of public record:
Defendants cannot deny facts which are a matter of public record. See, The Republic of Cape Verde vs A & A Partners, 89 F.R.D. 14, 23 (S.D.N.Y., 1980); Porto Transport vs Consolidated Diesel Electric Corp., 20 F.R.D. 1. 2 (S.D.N.Y., 1956). For example, this is another reason that Defendants may not deny the allegations of paragraphs 18, 19, 20, 24, 25, 26, 27, 29, 30, 31, 32, 48, and 50 which are established by the public record of the filed Findings of Fact, etc.

5. Defendants may not place the burden of pleading on the Court:
Defendants' responses to paragraphs 34, 36, 37, 45, 47, 48, and 50 improperly call on the Court to review the documents to determine the propriety of their denials. The Complaint alleges facts, quoting the relevant sections. Either the Complaint improperly quotes the provisions, in which case denials would be proper; or it properly quotes the passages, which makes denials improper. See, for example, Divane vs Nextiraone, LLC, 2002 WL 314335604, p.2 (N.D. Ill., 2002); Chicago District, etc. vs Balmoral Racing Club, 2000 WL 876921, p.1 (N.D. Ill., 2000).

Furthermore, the Answer contains affirmative defenses that only becloud the pleadings:

> Second: The pleading is totally inadequate to allege qualified immunity. See, Schecter vs Comptroller of the City of New York, 79 F.3d 265, 269-270 (2nd Cir., 1996).
> Fourth: Plaintiffs need to know as to which Defendant(s) it is claimed were not properly served so that they can be re-served, if Defendants insist.
> Fifth: Similarly Plaintiffs need to know over which Defendant(s) they have not obtained personal jurisdiction and the basis for the allegation, so that they can correct the situation if possible, or discontinue, if not.
> Seventh: The Complaint alleges only federal causes of action; therefore, Gen. Mun. Law Sec. 50-h is inapplicable.

I have repeatedly raised these issues with Defendants' counsel who has promised to address them, but has failed to do so. I did so by telephone on September 14 and October 8, 2007; I also did so in writing on September 27 and November 11, 2007;

Notwithstanding, his undertaking to do so Mr. Sokoloff has not addressed the issue of the denials in the Defendants' Answer. Rather, he has repeatedly insisted that the Plaintiffs should make a settlement demand without their knowing what the Defendants' actual positions are. While I can appreciate Defendants' desire to have such a demand, I have indicated to Mr. Sokoloff that Plaintiffs cannot properly evaluate their case until they have an understanding of the defendants' position vis-à-vis the prior litigation and the subsequent facts. I have indicated to Mr. Sokoloff that if he would please address the issues related to the Answer we can move this case ahead.

Since it is now more that a month since my last letter to Mr. Sokoloff, it appears that he does not intend to address these issues voluntarily. Therefore, Plaintiffs request leave to make a motion addressed to the Answer so that we can proceed with the post-Answer aspects of this lawsuit.

Respectfully,

STEPHEN L. OPPENHEIM (6643)
SLO/R
Enc.

Brian S. Sokoloff, Esq.
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501

*Plaintiffs may file any appropriate motion*

SO ORDERED
STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE
1/15/08