UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

MARTINE'S SERVICE CENTER, INC. AND
MICHAEL C. MARTINE,
                         PLAINTIFFS,                    NOTICE OF
                                                        MOTION

                VS

THE TOWN OF WALLKILL, JOHN WARD, individually        CASE NO:
and as Supervisor of the Town of Wallkill, ROBERT HERTMAN,    O7 CV 6327 (SCR)
individually and as Chief of Police of the Town of Wallkill,
EUGENE JAQUES, individually and as Building Inspector of
the Town of Wallkill; DON KIMBLE, individually and as
Deputy Building Inspector of the Town of Wallkill,
WALTER J. BARRETT, individually and as Assistant
Building Inspector of the Town of Wallkill, and JOHN DOES I, II,
and III. Individually and as officers of the Town of Wallkill,

                DEFENDANTS.

_____X

PLEASE TAKE NOTICE:

MOTION BY:              STEPHEN L. OPPENHEIM (SO 6643)
                        Attorney for Plaintiffs
                        55 East 9th Street-3C
                        New York, New York 10003
                        Telephone: (212) 673 5887

DATE, TIME, AND
PLACE OF HEARING:       On papers and without appearance, or at date, time, and
                        place set by the Court

SUPPORTING PAPERS:      Affidavit of Stephen L. Oppenheim. Esq. with exhibits, and
                        Plaintiffs' Memorandum of Law, both dated April  24
                        2008

RELIEF DEMANDED         An Order pursuant to Federal Rules of Civil Practice
                        8 (b), 8 (c), 11(b), and 12 (f) and the Court's inherent
                        jurisdiction over the parties and papers before it, striking
                        the Answer of the Defendants and requiring the Defendants

1

to serve an Amended Answer on the grounds that that the denials and denials of information and belief of the present Answer cannot be sustained on the basis of facts known to the Defendants to be true and that the Second, Fourth, Fifth, and Seventh Affirmative Defenses are improper and/or inadequately pleaded.

GROUNDS FOR RELIEF:    As presently plead, Defendants' Answer contains denials and denials of information and belief that cannot be sustained on the basis of facts known by the Defendants to be true or which they should know to be true and the Second, Fourth, Fifth, and Seventh Affirmative Defenses are improper and/or inadequately pleaded.

April 24, 2008

STEPHEN L. OPPENHEIM (SO 6643)
Attorney for Plaintiffs
55 East 9th Street-3C
New York, New York 10003
Telephone: 212 673 5887
e-mail: stephenoppenheim@gmail.com

TO:
Brian S. Sokoloff, Esq.
Miranda, Sokoloff Sambursky Slone and Verveniotis LLP
Attorneys for Defendants
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
Telephone: 516 741 7676

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————X

MARTINE'S SERVICE CENTER, INC. AND
MICHAEL C. MARTINE,

                PLAINTIFFS,                    AFFIDAVIT
                                                      IN SUPPORT OF
                                                        MOTION

                        VS

THE TOWN OF WALLKILL, JOHN WARD, individually      CASE NO:
and as Supervisor of the Town of Wallkill, ROBERT HERTMAN,   O7 CV 6327 (SCR)
individually and as Chief of Police of the Town of Wallkill,
EUGENE JAQUES, individually and as Building Inspector of
the Town of Wallkill; DON KIMBLE, individually and as
Deputy Building Inspector of the Town of Wallkill,
WALTER J. BARRETT, individually and as Assistant
Building Inspector of the Town of Wallkill, and JOHN DOES I, II,
and III. Individually and as officers of the Town of Wallkill,

                        DEFENDANTS.

—————————————————————X

STATE OPF NEW YORK
                    SS:
COUNTY OF NEW YORK


STEPHEN L. OPPENHEIM, being duly sworn, deposes and says:


1. This motion is made to compel Defendants to serve an Amended Answer
   consistent with the facts within their knowledge. The motion is made pursuant to
   permission granted by this Court on January 15, 2008.
2. It is respectfully submitted that the denials and denials of information and belief
   of the present Answer cannot be sustained on the basis of facts known to the

Defendants to be true; and that Defendants should be required to submit a sustainable Amended Answer.

BACKGROUND

3. The case now before the Court is the culmination of a series of lawsuits between the Plaintiffs and the Town of Wallkill and its various officers going back over a period of more than 15 years.

4. The litigation all revolve around the recurring issue of Plaintiffs' right to be a member of the rotating car towing service list maintained by the Defendants.

5. The car towing service list has been continuously maintained by the Defendants since prior to March of 1993: first, informally by the Chief of Police and then formally upon the adoption of Chapter 225 of the Town Code by the Town Board on February 25, 1999.

6. The car towing service list is a compilation of private car towing services to be used on a rotating basis by the Defendant Town of Wallkill for its own use and to be called to service motorists who require towing services.

7. Plaintiffs have continuously been a member of the list since before March 25, 1993, although the Defendants have from time to time illegally excluded them from their rightful place in the rotation.

8. Placement on the car towing service list is a valuable right which towing operators, including Plaintiffs, have reasonable expectation of retaining unless removed for cause and with due process.

9. On March 25 and 26, 1993, the Defendants, acting through the Town Supervisor of the time, removed Plaintiffs from the car towing service list rotation without notice of any kind and without a hearing of any kind, in violation of the Due Process Clause of the 14th Amendment.

10. Martine's Service Center, Inc. brought a proceeding in the Supreme Court of the State of New York seeking to annul the Town's action removing it from the car towing service list rotation.

11. The Defendant Town and its officers at the time appeared in that proceeding and defended against the Plaintiff's claim.

12. The state court granted judgment against the Defendant Town and its officers, as follows:

> ORDERED, ADJUDGE, AND DECREED that the determinations removing Petitioner from the car towing service list, made on March 25 and March 26, 1993, are hereby declared to be unconstitutional and illegal; and it is

> FURTHER ORDERED ADJUDGED, AND DECREED that the determinations to remove Petitioner from the car towing service list of the Town of Wallkill made on March 25 and March 26, 1993, be and the same hereby are annulled; and it is

> FURTHER ORDERED, ADJUDGED, AND DECREED that Petitioner be and it hereby is restored to membership in the car towing service list of the Town of Wallkill; and it is

> FURTHER ORDERED, ADJUDGED, AND DECREED that Respondents be and they hereby are directed to place Petitioner in regular rotation on the car towing service list of the Town of Wallkill and to call Petitioner and refer motorists to Petitioner in the same manner as if Petitioner had not been removed from the said car towing service list;

13. That judgment was not appealed from and has not been modified in any way.

14. In rendering the judgment the state court made findings of fact and conclusions of law. Among the conclusions of law, the state court found:

> 1. As a result of the foregoing, Petitioner was removed from the Respondents' car towing service list without due process in violation of

the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of Article 1, Sec. 6 of the Constitution of the State of New York;

2. Petitioner is entitled to a judgment declaring that its removal from Respondents' car towing service list is unconstitutional and illegal;

3. Petitioner is entitled to a judgment restoring it to Respondents' car towing service list;

4. Petitioner is entitled to a judgment directing that Respondents place Petitioner in regular rotation on Respondents' car towing service list and to call Petitioner and refer motorists to Petitioner in the same manner as if Petitioner had not been removed from the said car towing service list.

15. A copy of the judgment, the findings of fact, and the conclusions of law were duly served on the Respondents in the state proceeding.

16. A copy of the Findings of Fact, Conclusions of law and Judgment entered by the state court is attached to and made a part of the Complaint herein as Exhibit 1.

17. That judgment remains in full force and effect today.

18. Thereupon, on March 23, 1994, Plaintiffs began an action in this Court for damages arising from the unconstitutional deprivation of their right to be a member of the car towing service list rotation . It was entitled:

UNITED STATE DISTRICT COURT
SOUTHERN USTRICT OF NEW YORK
-----------------------------------------------------------x

MARTINE'S SERVICE CENTER, INC AND
MICHAEL MARTINE                                94 CIV 2013

                              Plaintiffs
              -against-
THE TOWN OF WALLKILL, and WILLIAM
CUMMINGS, individually and as supervisor
of the Town of Wallkill,

Defendants

-----------------------------------------------------------------x

19. Chief Judge Brieant granted Plaintiffs summary judgment on their 1983 cause of action. A copy of Judge Brieant's decision is attached to and made a part of the Complaint herein as Exhibit 2.

20. Rather than trying the issues of damages, in February 1995, the Defendants agreed to, and did, pay to Plaintiffs the sum of $27,000.00 in settlement of their 1983 cause of action, in full of the Plaintiffs' damages and counsel fees.

21. In the interim there has been other continuing litigation between Plaintiffs and Defendants not directly related to the car towing service list, but which Plaintiffs believe is the underlying cause of their present exclusion from the car towing service list rotation.

22. On April 28, 2005 Defendants acting through Defendant Barrett who was acting as Assistant Building Inspector of the Defendant Town of Wallkill, suspended Plaintiffs from the car towing service list by a letter, a copy of which is attached to and made a part of the Complaint herein, as Exhibit 3.

23. Such suspension was made without notice to Plaintiffs and without an opportunity to be heard.

24. Nevertheless, Defendants failed and refused to treat Plaintiffs as an approved car towing service operator from on and about April 28, 2005 to November 8, 2007.

25. Defendants' restoration of Plaintiffs to the car towing service list was made after the service of the Complaint and the Answer herein. It was made without any formal action on the part of the Defendants. It was made without any formal action on Defendants' part. It was made without any notice to Plaintiffs and without any further action on Plaintiffs' part. The restoration was made on the advice of Defendants' counsel herein, as established by Defendants' response to my FOIL demand of April 8, 2008. A copy of the response, which includes a copy of my demand, is attached hereto, made a part hereof, and marked Exhibit1.

THE COMPLAINT

26. The Complaint recites the foregoing history (except for the November 2007 restoration) in greater detail. A copy of the Complaint has previously been filed with the Court. (Should the Court want an additional copy of the Complaint served separately with this motion, it will please let me know and I will promptly do so.)

THE ANSWER

27. Essentially, the Answer pretends that the Defendants have no knowledge of this history. It also asserts four untenable affirmative defenses. A copy of the Answer has previously been filed with the Court. (Should the Court want an additional copy of the Answer served separately with this motion, it will please let me know and I will file a separate copy.)

28. There are at least five categories of Defendants' denials that, we respectfully submit, cannot withstand analysis.

29. Frivolous denials:

Defendants have denied facts which they necessarily know to be true. For example, the Town must know that it paid the Plaintiffs $27,000.00 to settle the original federal case. Therefore its denial of paragraph 51 is frivolous. It is frivolous for Defendants to deny the adoption of Chapter 225 of the Town Code, which is the present basis for their operation of the car towing service list; as they have done in denying paragraphs paragraph 21, 22, and 23 of the Complaint. Likewise, the denial, in paragraphs 54, 59, and 71of not having given notice, a hearing, or opportunity to be heard in regard to the removal of Martine's from the car towing service list is frivolous, unless they have some evidence, unknown to Plaintiffs, that Plaintiffs were in fact given an opportunity to be heard (which is hard to believe in light of their admission in paragraph 80). Defendants cannot in good faith deny that they had stopped calling Martine's (prior to November 2007) under the car towing service list, as set forth in paragraphs 68 and 72. Defendants

cannot deny in good faith that none of them have, prior to November 2007, taken any actions to restore Martine's to the car towing service list rotation, as set forth in paragraph 69. Unless Defendants claim that Martine's counsel was not acting on behalf of the Plaintiffs and that the Town's attorney, Mr. McHugh, was not acting on behalf of the Town, Defendants cannot in good faith deny the allegations of paragraphs 92-97 of the Complaint. (A copy of the letter of the Town's attorney acknowledging that Plaintiffs are entitled to the documents they have demanded is attached to and made a part of the Complaint, as Exhibit 4.) In light of my registered letter of March 18, 2007 and the return receipts in my possession, it is frivolous for the Defendants to deny in paragraphs 89 and 90 that Plaintiffs have demanded that Martine's be restored to the car towing service list rotation and that Defendants have failed and refused to do so, prior to November 2007

30. It is frivolous for the Defendants to deny the terms of the judgment and conclusions of law (which are parts of Exhibit 1 of the Complaint) as set forth in paragraphs 36 and 37 of the Complaint, and to deny knowledge and information about whether the Town respondents were served with the judgment, findings, and conclusions as alleged on paragraph 38 of the Complaint while at the same time admitting the allegation of paragraph 39 that Exhibit 1 to the Complaint incorporates the judgment, conclusions, and findings. (Indeed, Defendants made a motion to Judge Barone to vacate or modify certain of the Findings of Fact, which the Judge denied by his decision dated June 9, 1994). These denials are further shown to be frivolous when Defendants admit the allegation of paragraph 40 that "As result thereof, Plaintiff Martine's was restored to the car towing service list of Defendant Town of Wallkill."  (emphasis supplied)

31. It is frivolous for the Town to deny information and belief as to whether it never took an appeal from the judgment, as alleged in paragraph 41 of the Complaint. It must know whether it did so or not.

32. In light of the admission of paragraph 40 of the Complaint (that Martine's was restored to the car towing service list as a result of the state court's

judgment) it is frivolous for Defendants to deny the allegations of paragraphs
44, 45, and 46 of the Complaint that Martine's was a member in 1999
and continued as a member as a result of the operative language of Chapter
225-4K, which is quoted verbatim.

33. It is frivolous for Defendants to deny that Plaintiffs brought the action alleged
in paragraph 47 of the Complaint while admitting that Plaintiffs made a motion
for summary judgment in that very action, as alleged in paragraph 49. Similarly, it
is frivolous for Defendants to deny the nature of that action, that the Chief Judge
granted summary judgment on the 1983 claim, and that the Defendants made
payment in settlement of that action, as alleged in paragraphs 48, 50, and 51.

34. It is both merely forensic and frivolous for the defendants to deny the
allegations  of paragraphs 54,56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 68, 69
(prior to November 2007), 70, 71,74, 75, 76, 77, 78, 79, 83, 84, 85, 86, 87,
89, and 90 (prior to November 2007), particularly in light of the
admissions contained in response to paragraphs 53 and 80. The forensic
and frivolous nature of these denials is further demonstrated by
Defendants' response to my FOIL demand which shows that Plaintiffs have
been restored to the car towing service list solely on the say-so of their
counsel herein, Mr. Sokoloff, as conveyed to the Town Supervisor by the
Town Attorney, Joseph McKay, that "definitely … Martine's must be returned
to the tow list."  Exhibit 1, third page.

35. Facts that are necessarily in the Defendants' knowledge:
Defendants cannot deny knowledge of facts that are demonstrably in their
knowledge. For example, since the Town was a respondent in the state
proceeding, it must know whether or not it was served with the judgment,
conclusions of law, and findings of fact in that proceeding; as a result, it cannot
deny knowledge or information whether it was served with those documents as it
has done in paragraph 38 of the Answer.

36. Facts established in prior litigation between the parties:
As between the Plaintiffs and the Town some facts are established by the prior
litigation and cannot be denied by the Town. As to the other defendants these

facts are established by collateral estoppel. The Defendants cannot in good faith deny these facts; nor can their counsel certify that the denial is made in good faith. For example, the denial of paragraphs 18, 19, 20, 24, 25, 26, 27, 29, 30, 31,and 32 flies in the face of Findings of Fact 6,7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the Findings of Fact, Conclusions of Law, and Judgment of Mr. Justice Barone. Exhibit 1 to the Complaint. The allegations of paragraphs 48 and 50 are also a matter of the prior litigation between the parties which the defendants are not in position to deny.

37. Facts which are of public record:

Defendants cannot deny facts which are a matter of public record. See, The Republic of Cape Verde vs A & A Partners, 89 F.R.D. 14, 23 (S.D.N.Y., 1980); Porto Transport vs Consolidated Diesel Electric Corp., 20 F.R.D. 12 (S.D.N.Y., 1956). For example, this is another reason that Defendants may not deny the allegations of paragraphs 18, 19, 20, 24, 25, 26, 27, 29, 30, 31, 32, 48, and 50 which are established by the public record of the filed Findings of Fact, etc., in the Office of the Clerk of Orange County, New York.

38. Defendants may not place the burden of pleading on the Court:

Defendants' responses to paragraphs 34, 36, 37, 45, 47, 48, and 50 improperly call on the Court to review the documents to determine the propriety of their denials. The Complaint alleges facts, quoting the relevant sections. Either the Complaint improperly quotes the provisions, in which case denials would be proper; or it properly quotes the passages, which makes denials improper. See, for example, Divane vs Nextiraone, LLC, 2002 WL 314335604, p.2 (N.D. Ill., 2002); Chicago District, etc. vs Balmoral Racing Club, 2000 WL 876921, p.1 (N.D. Ill., 2000).

Affirmative Defenses

39. Furthermore, the Answer contains affirmative defenses that only becloud the pleadings.

40. The Second affirmative defense is totally inadequate to allege qualified immunity. See, Schecter vs Comptroller of the City of New York,

79 F.3d 265, 269-270 (2nd Cir., 1996).

41. Since the Fourth affirmative defense is pleaded on behalf of "some or all of the defendants", it does not give Plaintiffs notice which Defendant(s) it is claimed were not properly served so that they can be re-served, if Defendants insist.

42. Since the Fifth affirmative defense is pleaded on behalf of "some or all of the defendants", it does not give Plaintiffs notice of over which Defendant(s) they have not obtained personal jurisdiction and the basis for the allegation, so that they can correct the situation if possible, or discontinue, if not.

43. The Seventh affirmative defense assets a claim which would apply only to a state cause of action. Since the Complaint alleges only federal causes of action, Gen. Mun. Law Sec. 50-h is inapplicable.


Timeliness of the Motion

46. I repeatedly raised these issues with Defendants' counsel who promised to address them, but failed to do so. I did so by telephone on September 14 and October 8, 2007. I also did so in writing on September 27 and November 11, 2007. A copy of each of these letters is attached hereto, made a part hereof, and marked Exhibits 2 and 3 respectively.

47. Notwithstanding his undertakings to do so, Mr. Sokoloff has not addressed the issue of the denials in the Defendants' Answer. Rather, he has repeatedly insisted that the Plaintiffs should make a settlement demand without their knowing what the Defendants' actual positions are. While I can appreciate Defendants' desire to have such a demand, I have indicated to Mr. Sokoloff that Plaintiffs cannot properly evaluate their case until they have an understanding of the defendants' position vis-à-vis the prior litigation and the subsequent facts. I have indicated to Mr. Sokoloff that if he would please address the issues related to the Answer we can move this case ahead.

48. Plaintiffs made application to this Court to make this motion promptly when it became apparent that Defendants did not intend to correct the erroneous and unsustainable denials of their Answer.

49. Since it is now more than six months since my last letter to Mr. Sokoloff, it appears that he does not intend to address these issues voluntarily. Therefore, Plaintiffs make this motion addressed to the Answer so that we can proceed with the post-Answer aspects of this lawsuit with an accurate knowledge o00f the issues involved.

April 24, 2008

_____

STEPHEN L. OPPENHEIM (SO6643)

Sworn to before me this 24th day of April 2008

-------------------------------------------------

NOTARY PUBLIC

Kamela Quintina Irving
Notary Public – State of New York
No. 01IR6159463
Qualified in New York County
My Commission Expires 01 / 16 / 2011

13

.

EXHIBIT 1

### STEPHEN L. OPPENHEIM
55 EAST 9TH STREET — 3C
NEW YORK, NEW YORK 10003
TELEPHONE 212/673-5887
FAX 212/598-9709

April 8, 2008

Hon. Louisa M. Ingrassia
Town Clerk, Town of Wallkill
99 Tower Drive
Middletown, New York 10941

Dear Ms. Ingrassia:

Enclosed is further FOIL demand. Please let me have the documents as soon as possible.

Very truly yours,

STEPHEN L. OPPENHEIM
SLO/R
Enc.

**RECEIVED**

APR 1 1 2008

**TOWN CLERK
TOWN OF WALLKILL**

4/14/2008

Louisa

Attached is an email from Joe McKay to me +
my response concerning Mantine's going back on
the list. This is all I have

FORM A

TOWN OF WALLKILL    POLICY AND PROCEDURE FOR IMPLEMENTATION
OF  FREEDOM OF INFORMATION LAW(FOIL)

REQUEST FOR INFORMATION UNDER THE FREEDOM OF INFORMATION
LAW

INSTRUCTIONS: In order to make a request for information under the Freedom of
Information Law, the  Town's procedures require that this form be completely filed out
by the individual seeking access to  records and provided to the Records Access Officer
for the Town of Wallkill. Please complete this form and submit to Louisa M.Ingrassia,
Records Access Officer 600 Rte 211 East, P.O. Box 398, Middletown,  NY 10940.

PRINT NAME: STEPHEN L.. OPPENHEIM
MAILING ADDRESS 55 EAST 9TH STREET, 3C, NEW YOTK, NEW YORK 10003
PHONE NUMBER    917 406 1781

DETAILED DESCRIPTION OF RECORD(S) REQUESTED:

THE FOLLOWING DOCUMENTS IN WHATEVER FORM THEY EXIST,
(WHETHER DIGITAL, ELECTRONIC, ANALOG, OR OTHERWISE), RELATING
TO AND/OR RELIED UPON BY THE TOWN OF WALLKILL REGARDING THE
REPLACEMENT IN 2007 OF MARTINE'S SERVICE CENTER, INC. ON THE
ROTATING CAR TOWING LIST MAINTAINED BY THE TOWN OF WALKILL
POLICE DEPARTMENT AND THE CONTIUNANCE OF SAID REPLACEMENT IN
2007 AND 2008:
STATUTES; LOCAL LAWS; RESOLUTIONS; RULES; MEMORANDA;
INSTRUCTIONS; RECORDS KEPT BY THE TOWN RELATING TO THE CAR
TOWING LIST AND THE REINSTATEMENT AND CONTINUACTIONOF
MARTINE'S SERVICE CENTER, INC.; CORRESPONDENCE; NOTES OF
ACTIONS AND CONVERSATIONS; INTER-OFFICE AND INTER-
DEPARTMENTAL COMMUNICATIONS; INTRA-OFFICE AND INTRA-
DEPARTMENT COMMUNICATIONSAND; ANY OTHER DOCUMENTS RELIED
UPON IN AND/EFFECTUATING SUCH REINSTATEMENT AND CONTINUATION

Signature _____
                    STEPHEN L. OPPENHEIM

**RECEIVED**

APR 1 1 2008

**TOWN CLERK
TOWN OF WALLKILL**

**J Ward**

| | |
|---|---|
| **From:** | J Ward |
| **Sent:** | Tuesday, November 27, 2007 1:26 PM |
| **To:** | Joe McKay; R Hertman |
| **Subject:** | RE: Martine's Service Center |

**Tracking:** **Recipient Read**

Joe McKay

R Hertman Read: 11/27/2007 2:50 PM

Joe
   I told Bob to put them back on the list

*John F. Ward, Jr.*
John Ward, Supervisor, Town of Wallkill
99 Tower Drive
Building A
Middletown, NY 10941-2026
845-692-7832
Disclaimer:
This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify sender immediately by replying to this message and deleting it from your computer. Thank you.

**From:** Joe McKay [████████████████]
**Sent:** Tuesday, November 27, 2007 1:13 PM
**To:** J Ward; R Hertman
**Subject:** Martine's Service Center

John and Bob:

I wanted to follow up with you concerning Martine's. Brian Sokoloff, attorney for the Town in defense of this action, has stated definitively that Martine's must be returned to the tow list.

Has this been done? If not, we should take steps to do so.

_____
Joseph G. McKay, Esq.
Greenwald Law Offices
99 Brookside Avenue
Chester, New York 10918
(845) 469-4900
Fax: (845) 469-2022
Disclaimer:
This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify sender immediately by replying to this message and deleting it from your computer. Thank you.

EXHIBIT 2

# STEPHEN L. OPPENHEIM
55 EAST 9TH STREET — 3C
NEW YORK, NEW YORK 10003
TELEPHONE 212/673-5887
FAX 212/598-9709

September 25, 2007

Brian S. Sokoloff, Esq.
Miranda, Sokoloff Sambursky Slone and Verveniotis LLP
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501

Martine vs Town of Wallkill

Dear Mr. Sokoloff:

As I told you on the telephone, I think this case cannot be evaluated until the Defendants' positions are made clear by your pleading and otherwise.

I have reviewed your Answer and suggest to you that it cannot stand in its present form. Among other things, you have denied facts that Defendants cannot deny because they are either within Defendants' knowledge or are of public record.

I am writing to you in the hope that we can avoid unnecessary motion practice; and that you will serve an amended complaint voluntarily.

I also call to your attention that the impropriety of the Defendants' responses in the Answer also implicates your responsibilities under RCP 11.

There are several categories of your denials that in my opinion cannot withstand analysis. Some examples of the problems raised by the denials are:

1.  Frivolous denials: Defendants have denied facts which they necessarily know to be true. For example, the Town must know that it paid the Plaintiffs $27,000.00 to settle the original federal case. Its denial of paragraph 51 is frivolous. Likewise, its denial, in paragraphs 54, 59, and 71of not having given notice, a hearing, or opportunity to be heard in regard to the removal of Martine's from the towing list is frivolous, unless you have some evidence, unknown to Plaintiffs, that they were in fact given (which is hard to believe in light of your admission in paragraph 80). Do Defendants really deny that they have not stopped calling Martine's under the car towing list, as ser forth in paragraphs 68 ands 72? Do Defendants really deny that none of them have taken any actions to restore Martine's to the car towing list, as set forth in paragraph 69? Unless you claim that I was not acting on behalf of the Plaintiffs and that Mr. McHugh was not acting on behalf of the Town, how

can the Defendants deny the allegations of paragraphs 92-97 of the Complaint? In light of my registered letter of March 18, 2007 and the return receipts in my possession, it is frivolous for the Defendants to deny in paragraphs 89 and 90 that Plaintiffs have demanded that Martine's be restored to the car towing list and that Defendants have failed and refused to do so.

2. Facts that are necessarily in the Defendants' knowledge: Defendants cannot deny knowledge of facts that are demonstrably in their knowledge. For example, since the Town was a respondent in the state proceeding, it must know whether or not it was served with the judgment, conclusions of law, and findings of fact in that proceeding; as a result, it cannot deny knowledge or information whether it was served with those documents as you have done in paragraph 38 of the Answer.

3. Facts established in prior litigation between the parties: As between the Plaintiffs and the Town some facts are established by the prior litigation and cannot be denied by the Town. As to the other defendants these facts are established by collateral estoppel. The Defendants other than the Town cannot in good faith deny these facts; nor can you certify that the denial is made in good faith. For example, your denial of paragraphs 18, 19, 20, 24, 25, 26, 27, 29, 30, 31,and 32 flies in the face of Findings of Fact 6,7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the Findings of Fact, Conclusions of Law, and Judgment of Mr. Justice Barone in Matter of Martine's Service Center, Inc. vs The Town of Wallkill, et al., Index No. 4069-93, entered in the Office of the Clerk of Orange County on October 23, 1993. Your denial of paragraphs 48 and 50 are likewise a matter of public record which the defendants are not in position to deny. (I call to your attention the decision of Judge Barone dated June 9, 1994 denying the Town's motion to vacate or modify certain Findings of Fact.)

4. Facts which are of public record: Defendants cannot deny facts which are a matter of public record. See, The Republic of Cape Verde vs A & A Partners, 89 F.R.D. 14, 23 (S.D.N.Y., 1980); Porto Transport vs Consolidated Diesel Electric Corp., 20 F.R.D. 1. 2 (S.D.N.Y., 1956). For example, this is another reason that Defendants may not deny the allegations of paragraphs 18, 19, 20, 24, 25, 26, 27, 29, 30, 31, and 32, which are established by the public record of the filed Findings of Fact, etc.

5. Defendants may not place the burden of pleading on the Court: Your responses to paragraphs 34, 36, 37, 45, 47, 48, and 50 improperly call on the Court to review the documents to determine the propriety of your denials. The Complaint alleges facts, quoting the relevant sections. Either the Complaint improperly quotes the provisions in which case your denials are proper or it properly quotes the passages, which makes your denials improper. See, for example, Divane vs Nextiraone, LLC, 2002 WL 314335604, p.2 (N.D. Ill., 2002); Chicago District, etc. vs Balmoral Racing Club, 2000 WL 876921, p.1 (N.D. Ill., 2000).

In a further attempt to limit motion practice, I call to your attention the following considerations regarding your affirmative defenses:

Second: The pleading is totally inadequate to allege qualified immunity. <u>See,</u> <u>Schecter vs Comptroller of the City of New York</u>, 79 F.3d 265, 269-270 (2nd Cir., 1996).

Fourth: Please let me know which Defendant(s) you claim were not properly served. I will reserve, if you insist.

Fifth: Please let me know over which Defendant(s) we have not obtained personal jurisdiction and the basis for the allegation. I will correct it, if possible, or discontinue, if not.

Seventh: The Complaint alleges only federal causes of action; therefore, Gen. Mun. Law Sec. 50-h is inapplicable.

This letter is not intended as a complete analysis if your Answer; but to suggest the nature of its problems as I see them.

In view of the time constraints for my making a motion, I would appreciate an early response or your agreement to extend my time to move in regard to the Answer.

Very truly yours,

STEPHEN L. OPPENHEIM
SLO/R

EXHIBIT 3

# STEPHEN L. OPPENHEIM
55 EAST 9TH STREET — 3C
NEW YORK, NEW YORK 10003
TELEPHONE 212/673-5887
FAX 212/598-9709

November 5, 2007

Brian S. Sokoloff, Esq.
Miranda, Sokoloff Sambursky Slone and Verveniotis LLP
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501

Martine vs Town of Wallkill

Dear Mr. Sokoloff:

While I can appreciate your desire to have a settlement demand, I again indicate to you that we cannot properly evaluate plaintiff's case until we have an understanding of the defendants' position <u>vis-à-vis</u> the prior litigation and the subsequent facts. If you will please address the issues raised by my letter of September 25, 2007, we can move this case ahead.

Very truly yours,



STEPHEN L. OPPENHEIM
SLO/R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARY JO MACE.

PLAINTIFF,

VS

CASE NO. 05-CIV.-2786
(SCR)

COUNTY OF SULLIVAN; DANIEL
BRIGGS, INDIVIDUALLY AND AS
COUNTY MANAGER OF THE COUNTY        AFFIDAIT OF SERVICE
OF SULLIVAN; OLGA PARLOW,
INDIVIDUALLY AND AS COUNTY
TREASURER OF THE COUNTY OF
SULLIVAN; PAMELA ROURKE,
INIVIDUALLY AND AS
COMMISSIONER OF PERSONNEL
OF THE COUNTY OF SULLIVAN;
HARVEY SMITH, INDIVIDUALLY
AND AS COMMISSIONER OF GENERAL
SERVICES OF THE COUNTY OF
SULLIVAN; JOHN DOE; AND
JANE DOE

DEFENDANT.

-------------------------------------------------------x

State of New York        SS:
County of New York
Stephen L. Oppenheim, being duly sworn, deposes and says: On the
24th day April, 2008, I personally served a copy of the attached Motion to
compel Defendants to serve an Amended Answer, on Brian S. Sokoloff,
Esq.,Miranda, Sokoloff Sambursky Slone and Verveniotis LLP, Attorneys for
Defendants,The Esposito Building
240 Mineola Boulevard, Mineola, New York 11501,
postage prepaid at a United States Post Office in New York, New York.

STEPHEN L. OPPENHEIM (SO6643)
Sworn to before me this 24th day of April 2008

-------------------------------------------------------
NOTARY PUBLIC

Kamela Quintina Irving
Notary Public - State of New York
No. 01IR6159463
Qualified in New York County
My Commission Expires 01 / 16 / 2011