UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

MARTINE'S SERVICE CENTER, INC. AND
MICHAEL C. MARTINE,
          PLAINTIFFS,

      VS

THE TOWN OF WALLKILL, JOHN WARD, individually    CASE NO:
and as Supervisor of the Town of Wallkill, ROBERT HERTMAN,  O7 CV 6327 (SCR)
individually and as Chief of Police of the Town of Wallkill,
EUGENE JAQUES, individually and as Building Inspector of
the Town of Wallkill; DON KIMBLE, individually and as
Deputy Building Inspector of the Town of Wallkill,
WALTER J. BARRETT, individually and as Assistant
Building Inspector of the Town of Wallkill, and JOHN DOES I, II,
and III. Individually and as officers of the Town of Wallkill,

          DEFENDANTS.

_____X

PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO STRIKE
DEFENDANTS' ANSWER AND TO COMPEL
DEFENDANTS TO SERVE AN AMENDED ANSWER

STEPHEN L. OPPENHEIM (SO 6643)
Attorney for Plaintiffs
55 East 9th Street-3C
New York, New York 10003
Telephone: (212) 673 5887

1

TABLE OF CONTENTS

TABLE OF CITATIONS                                                        P.3

POINT I

DEFENDANTS' ANSWER SO VIOLATES THE
TENOR AND LEGAL REQUIREMENTS OF FEDERAL
PLEADING BASED ON THE TRUTH, AS DEFENDANTS
MUST KNOW IT TO EXIST, THAT THE ANSWER SHOULD
BE STRICKEN AND DEFENDANTS BE REQUIRED TO
SERVE AN AMENDED ANSWER                                                   P.4

CONCLUSION                                                                P.6

TABLE OF CITATIONS

|  | Pages |
|---|---|
| <u>Chicago District, etc. vs Balmoral Racing Club</u>,<br>    2000 WL 876921, p.1 (N.D. Ill., 2000). | 5 |
| <u>Complaint of Rationis, etc. vs Hyundai Mipo Dockyard,</u><br>    210 F. Supp. 2d 421, 424-425 (S.D.N.Y., 2002). | 5 |
| <u>Divane vs Nextiraone, LLC</u>,<br>    2002 WL 314335604, p.2 (N.D. Ill., 2002). | 5 |
| <u>National Union Fire Ins, Co., etc. vs Alexander</u>,<br>    728 F. Supp, 192, 203 (S.D.N.Y., 1989). | 5 |
| <u>Paramount Pictures Corp. vs FXM, Inc.</u>,<br>    1995 WL 686727 (S.D,.N.Y., 1995). | 5 |
| <u>Porto Transport vs Consolidated Diesel Electric Corp.</u>,<br>    20 F.R.D.12 (S.D.N.Y., 1956). | 4 |
| <u>The Republic of Cape Verde vs A & A Partners</u>,<br>    89 F.R.D. 14, 23 (S.D.N.Y., 1980). | 4 |
| <u>Schecter vs Comptroller of the City of New York</u>,<br>    79 F.3d 265, 269-270 (2nd Cir., 1996). | 5 |
| FRCP 8 (b) | 4 |
| FRCP 8 (c) | 4 |
| FRCP 11 (b) | 4 |
| FRCP 12 (f) | 4,5\ |
| Gen. Mun. Law Sec. 50-h | 6 |

POINT I

DEFENDANTS' ANSWER SO VIOLATES THE
TENOR AND LEGAL REQUIREMENTS OF FEDERAL
PLEADING BASED ON THE TRUTH AS DEFENDANTS
MUST KNOW IT TO EXIST THAT THE ANSWER SHOULD
BE STRICKEN AND DEFENDANTS BE REQUIRED TO
SERVE AN AMENDED ANSWER

FRCP 8 (b), FRCP 8 (c), FRCP 11 (b), and FRCP 12 (f) establish standards for the pleading of defenses and denials based on a representation to the Court of their truthfulness.

The extent to which the Defendants' Answer is merely forensic and violates the tenor and explicit rules governing pleading is probably best demonstrated by Exhibit 1 to the moving affidavit. In that exhibit the Town Attorney advises the Town Supervisor that Defendants' counsel herein, Brian Sokoloff, has advised the Town that "definitely … Martine's must be returned to the tow list." Exhibit 1, third page.

This advice is given without any explanation.

This advice is then acted upon peremptorily by the Town Supervisor, who directs that Martine's be replaced on the car towing service list. Exhibit 1, First and Third pages.

Mr. Sokoloff's advice is totally inconsistent with the repeated denials and denials of knowledge and information contained in the Answer. This advice flies most strongly in the face of, for example, Defendants' denial of paragraph 66 of the Complaint that: "Plaintiff Martine's has continued to be a member in good standing of the List maintained by the Defendant Town."

The moving affidavit sets forth example after example of the way in which the Answer represents mere forensic pleading rather than pleading based on what the pleader knows to be the truth.

The Answer is totally inconsistent with the representations of counsel in signing the pleading under FRCP 11.

In addition to being forbidden to plead untruths, Defendants cannot deny facts which are a matter of public record. See, The Republic of Cape Verde vs A & A Partners, 89 F.R.D. 14, 23 (S.D.N.Y., 1980); Porto Transport vs Consolidated Diesel Electric Corp., 20 F.R.D. 12 (S.D.N.Y., 1956). This is an additional reason that Defendants may not deny the allegations of paragraphs 18, 19, 20, 24, 25, 26, 27, 29, 30, 31, 32, 48, and 50 which are established by the public record of the filed Findings of Fact, etc., in the Office of the Clerk of Orange County, New York.

. Furthermore, Defendants have improperly attempted to place the burden of pleading on the Court, asking the Court to plead for them. Defendants' responses to paragraphs 34, 36, 37, 45, 47, 48, and 50 improperly call on the Court to review the documents to determine the propriety of their denials. The Complaint alleges facts, quoting the relevant sections. Either the Complaint improperly quotes the provisions, in which case denials would be proper; or it properly quotes the passages, which makes denials improper. See, for example, Divane vs Nextiraone, LLC, 2002 WL 314335604, p.2 (N.D. Ill., 2002); Chicago District, etc. vs Balmoral Racing Club, 2000 WL 876921, p.1 (N.D. Ill., 2000).

This motion is timely made, notwithstanding the 20 day rule of FRCP 12 (f) because Plaintiffs' counsel attempted in good faith to resolve the issue with Defendants' counsel; because Defendants' counsel undertook to address the issue, but did not do so; because the litigation is in the early stages, a scheduling order has not yet been entered; because the Court and the Plaintiffs will be prejudiced if they are required to try the case on proof of issues which do not in fact exist; and because the Court may address the issue at any time. See, Complaint of Rationis, etc. vs Hyundai Mipo Dockyard, 210 F. Supp. 2d 421, 424-425 (S.D.N.Y., 2002); Paramount Pictures Corp. vs FXM, Inc., 1995 WL 686727 (S.D.N.Y., 1995); National Union Firs Ins, Co., etc. vs Alexander, 728 F. Supp, 192, 203 (S.D.N.Y., 1989).

Four of the Defendants' affirmative defenses should also be stricken as improperly and/or inadequately pleaded.

The Second affirmative defense is totally inadequate to allege qualified immunity. See, Schecter vs Comptroller of the City of New York, 79 F.3d 265, 269-270 (2nd Cir., 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

MARY JO MACE.

                PLAINTIFF,

VS

COUNTY OF SULLIVAN; DANIEL BRIGGS, INDIVIDUALLY AND AS COUNTY MANAGER OF THE COUNTY OF SULLIVAN; OLGA PARLOW, INDIVIDUALLY AND AS COUNTY TREASURER OF THE COUNTY OF SULLIVAN; PAMELA ROURKE, INIVIDUALLY AND AS COMMISSIONER OF PERSONNEL OF THE COUNTY OF SULLIVAN; HARVEY SMITH, INDIVIDUALLY AND AS COMMISSIONER OF GENERAL SERVICES OF THE COUNTY OF SULLIVAN; JOHN DOE; AND JANE DOE

CASE NO. 05-CIV.-2786 (SCR)

AFFIDAIT OF SERVICE

                DEFENDANT.

---------------------------------------------------------x

State of New York     SS:
County of New York

Stephen L. Oppenheim, being duly sworn, deposes and says: On the 24th day April, 2008, I personally served a copy of the attached Memorandum of Law, on Brian S. Sokoloff, Esq., Miranda, Sokoloff Sambursky Slone and Verveniotis LLP, Attorneys for Defendants, The Esposito Building 240 Mineola Boulevard, Mineola, New York 11501, postage prepaid at a United States Post Office in New York, New York.

_____
STEPHEN L. OPPENHEIM (SO6643)

Sworn to before me this 24th day of April 2008

_____
NOTARY PUBLIC

Kamela Quintina Irving
Notary Public - State of New York
No. 01IR6159463
Qualified in New York County
My Commission Expires 01 / 16 / 2011

The Fourth affirmative defense does not give Plaintiffs notice which Defendant(s) it is claimed were not properly served so that they can be re-served, if Defendants insist.

The Fifth affirmative defense Plaintiffs does not give Plaintiffs notice of which Defendant(s) it is alleged that they have not obtained personal jurisdiction and the basis for that allegation, so that they can correct the situation if possible, or discontinue, if not.

The Seventh affirmative defense assets a claim which would apply only to a state cause of action. Since the Complaint alleges only federal causes of action, Gen. Mun. Law Sec. 50-h is inapplicable.

## CONCLUSION

It is respectfully submitted that Defendants' Answer should be stricken and they be required to serve an Amended Answer.

Dared: April 24, 2008

_____
STEPHEN L. OPPENHEIM (SO 6643)
Attorney for Plaintiffs
55 East 9th Street-3C
New York, New York 10003
Telephone: (212) 673 5887