UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARTINE'S SERVICE CENTER INC. and MICHAEL
C. MARTINE,

                              Plaintiffs,

                     - against -

THE TOWN OF WALKILL, JOHN WARD, Individually and as Supervisor of the Town of Wallkill, ROBERT HERTMAN, Individually and as Chief of Police of the Town of Wallkill, DON KIMBLE, Individually and as Deputy Building Inspector of the Town Wallkill, WALTER J. BARRETT, Individually and as Assistant Building Inspector of the Town of Wallkill, and John Does 1,2 and 3, individually and as officers of the Town of Wallkill and Eugene Jacques, as building inspector of the town of Wallkill,

                              Defendants.
---------------------------------------------------------------X

**DECLARATION**

Docket No. 07 Civ. 6327 (SCR)

      **BRIAN S. SOKOLOFF**, an attorney duly admitted to practice before this Court, declares that the following statements are true and correct under the penalty of perjury:

      1.    I am a member of the law firm of MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, counsel for defendants. I submit this declaration in support of defendants' opposition to plaintiffs' motion to strike portions of defendants' answer and for other relief.

      2.    In preparing to answer the allegations in the complaint, I met with defendants and reviewed documents.[1]

---

[1] What prompted me to formulate the answer in the way I did is really protected by the attorney work-product doctrine and/or the attorney/client privilege. I have tried to answer plaintiffs' motion as best I can without breaching that doctrine and privilege.

a. In ¶¶ 18, 19, 20, 24, 25, 26, 27, 29, 30, 31, and 32: defendants deny plaintiff's characterization of the unofficial towing list as "informal" as such a term is vague and uncertain.

b. Paragraphs 19 and 20: In addition to the above, defendants deny that towing lists were created or maintained by the Town Supervisor. William Cummings is not a party to the action and is no longer under the control of the defendants.

c. Paragraph 24: In addition to the above, defendants deny that Chapter 225 of the Town of Wallkill Code provides any recommendations to motorists. Moreover, Chapter 225 does not establish or guaranty any right to render any additional services.

d. Paragraph 25: In addition to the above, defendants deny that any of the towing lists alleged herein were open to all "car towing services operating in the Town of Wallkill." Chapter 225 limits the tow list based upon certain enumerated criteria.

e. Paragraph 26 states that, "[P]lacement on the towing lists is a valuable right which towing operators, including Plaintiffs, have reasonable expectation of retaining unless removed for cause and with due process." The allegation references *lists*, and it is unclear what "lists" (plural) plaintiffs mean. Second, a good portion of the allegation states a legal conclusion in the case, something that is improper for a complaint. The words "cause" and "due process" are too vague and expansive; an admission would be a *carte blanche*.

f. Paragraph 27: In addition to the above, defendants deny plaintiff's characterization that he was a "member in good standing" of an "informal list." It

is not at all clear that the term "member in good standing" applies to the situation described.

g. Paragraph 29: In addition to the above, defendants deny plaintiff's characterizations of William Cummings actions. It is not at all clear that Cummings acted "without the scope of his authority," that he did so "orally," that he did so "permanently," or that he confirmed anything in writing.

h. Paragraph 30: In addition to the above, defendants deny plaintiff was not given notice. Plaintiff has himself admitted to notice in paragraph 29.

i. Paragraphs 31 and 32: In addition to the above, defendant denies plaintiff's characterization of "charges" and affirmatively states that plaintiffs allege that in paragraph 29 that he received notification of the removal of the tow list and has failed to allege that he requested a hearing or an opportunity to be heard.

j. Paragraphs 48 and 50: Defendants deny the allegation. The words "foregoing conduct" are unclear, and defendants do not know for sure that the "foregoing conduct" motivated plaintiffs to bring their earlier lawsuit. As to ¶ 50, I do not have a copy of Judge Brieant's earlier decision; it is not available through the Court's on-line docket sheet. I am, therefore, unable to confirm that the document plaintiffs attach to the complaint is a full, accurate, and completely exact duplicate of Judge Brieant's decision.

k. Paragraphs 34, 36, 37, 45, 47, 48, and 50: Defendants deny plaintiffs characterizations and/or inferences of these quoted sections. In addition, defendants deny any legal conclusions relative to the instant matter. Defendants

also deny knowledge or information relevant to the veracity of the documents attached to the complaint or the proceedings described therein.

3. On October 4, 2007 by letter, and on other occasions orally, I requested a settlement demand from plaintiffs' counsel. He has continued to refuse to explore amicable resolution of this matter.

4. In support of plaintiffs' motion, counsel submits an email from me to my client. Plaintiffs' counsel seeks to draw from that the conclusion that our defense is frivolous. I deny that, and will not breach the attorney/client privilege or the attorney work product doctrine in order to explain why I wrote that email or what else I told my client about this case. What is of great concern to me, however, is the fact that plaintiffs' counsel obtained that communication not from me, but from direct contact with my client. I wish to state: (1) the production of that email was an inadvertent disclosure by the client, made before the client sought advice from counsel, and (2) plaintiff's counsel should beware of the rule against *ex parte* communications by an attorney with a client who is represented by counsel.

**WHEREFORE**, defendants respectfully submit that plaintiffs motion to strike be denied and that the Court impose sanctions on plaintiffs' counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent power, together with such other and further relief as this Court deems proper and just, including an award of attorneys' fees to the defendants.

Dated :   Mineola, New York
          June 13, 2008

_____
Brian S. Sokoloff (BSS-7147)