UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARTINE'S SERVICE CENTER, INC. and MICHAEL C. MARTINE,

                         Plaintiff,

-against-

THE TOWN OF WALLKILL, JOHN WARD, individually and as Supervisor of the Town of Wallkill, ROBERT HERTMAN, individually and as Chief of Police of the Town of Wallkill, DON KIMBLE, individually and as Deputy Building Inspector of the Town of Wallkill, WALTER J. BARRETT, individually and as Assistant Building Inspector of the Town of Wallkill, and JOHN DOES I, II, and III, individually and as officers of the Town of Wallkill and EUGENE JACQUES, as building inspector of the town of wallkill,

                         Defendants.
------------------------------------------------------------------x

Docket No.
07 Civ.6327 (SCR)

## MEMORANDUM OF LAW

                         MIRANDA SOKOLOFF SAMBURSKY SLONE
                         VERVENIOTIS LLP
                         Attorneys for Defendant
                         240 Mineola Boulevard
                         Mineola, New York 11501
                         (516) 741-7676
                         Our file No.: 07-500

Of Counsel:
    BRIAN S. SOKOLOFF

## PRELIMINARY STATEMENT

This motion, to strike all or portions of defendants' answer, is a futile attempt to shift the burden of proof in plaintiff's case onto defendants. Instead of promoting a just, speedy, and inexpensive resolution of this dispute, by making this fruitless motion, plaintiff forces defendants to incur additional costs and unnecessarily delays these proceedings.

## PRIOR PROCEEDINGS

On July 11, 2007, plaintiffs initiated this action by filing the summons and complaint. Defendants appeared in this action on August 1, 2007 and filed an answer to the complaint on September 17, 2007. Plaintiffs filed the request to make this motion on December 13, 2007.

# ARGUMENT

## POINT I

### THIS MOTION IS TIME-BARRED

Fed. R. Civ. Pro. 12(f)(2) requires that a motion to strike an answer be made within 20 days of service of the pleading where, as here, the pleading is not one to which a response is due. See Harley-Davidson, Inc. v. O'Connell, 13 F.Supp.2d 271 (N.D.N.Y. 1998) ("It is likewise clear that, as more than 20 days has passed since the service of the Amended Answer on or around October 4, 1993, it is similarly too late to strike defendants' affirmative defenses. Plaintiffs' motion must therefore be denied"); Schmid v. Roehm GmbH, 544 F.Supp. 272 (D.Kan. May 12, 1982) (dismissing a motion to strike that was filed 18 days late).

Plaintiffs have filed this motion more than seven months after defendants filed their answer. This Court should dismiss this as untimely.

## POINT II

### PLAINTIFFS HAVE NOT MET THEIR BURDEN ON THE MOTION.

To succeed on a motion to strike, plaintiffs must first show that they are prejudiced by the inclusion of the defense. Shell Oil Co. v. EEOC, 523 F.Supp. 79, 83 (E.D.Mo. 1981). In Resolution Trust Corp. v. Youngblood, 807 F.Supp. 765, 769 (N.D.Ga. 1992), the court aptly stated that, "'[M]otions to strike cannot be used to determine disputed fact questions, nor can they be used to decide disputed and substantial questions of law, particularly where there is no showing of prejudice to the movant. '[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial questions of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.' To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts." (Citations omitted)

Judge I. Leo Glasser of the Eastern District of New York, surveying the legal landscape, stated, "[Se]veral courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. This is particularly so when, as here, there has been no significant discovery." U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc., 297 F.Supp.2d 531, (E.D.N.Y. 2003).

Plaintiffs attempt to show prejudice by stating that they are going to have to litigate additional allegations. Where, as here, a Plaintiffs attempted to show prejudice by stating that general denials were insufficient and that several of the denials had been previously admitted, the Ninth Circuit stated:

3

> A motion to strike was denied by the court. While it might have been better if the defendants had tidied up their answer, there is no showing of bad faith or that the basic issues were not clear. Further, there is no showing that the defendant suffered any burden of time or expense except the time counsel spent tilting with the answer by way of a motion to strike.

Alquero v. Duenas, 319 F.2d 40 (9th Cir. 1963).

The accompanying Declaration of Brian S. Sokoloff, dated June 13, 2008, demonstrates the utter absence of bad faith in the composition of defendants' answer. Plaintiffs' only added expense has been self-generated, through the bringing of this motion.

The Federal Rules of Civil Procedure reflect the policy that pleadings should be treated liberally, and that a party should have the opportunity to support its contentions at trial. Oliner v. McBride's Indus., Inc., 106 F.R.D. 14 (S.D.N.Y. 1985). Accordingly, Fed. R. Civ. Pro. 12(f) motions are not favored and will not be granted routinely. Telectronics Proprietary, Ltd. v. Medtronic, Inc., 687 F.Supp. 832 (S.D.N.Y.1988). "Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial." Hickman v. Taylor, 67 S.Ct. 385, 388, 329 U.S. 495, 500–501 (1947) (Murphy, J.).

Indeed, "Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." Wright & Miller, Federal Practice and Procedure: Civil 3d, § 1381. See also Connell v. City of New York, 230 F.Supp.2d 432 (S.D.N.Y. 2002);

4

Sun Ins. Co. of New York v. Diversified Engineers, Inc., 240 F.Supp. 606 (D.Mont. 1965) (It is recognized that motions to strike are not favored and should not be granted unless it is clear that the matters stricken have no possible relationship to the controversy and may prejudice the other party); Neilson v. Union Bank, 290 F.Supp.2d 1101, 1152 (C.D.Cal.2003) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."); Moreman v. Georgia Power Co., 310 F.Supp. 327 (N.D.Ga. 1969); Great Northern Paper Co. v. Babcock & Wilcox Co., 46 F.R.D. 67 (N.D.Ga. 1968).

## POINT III

## DEFENDANTS' AFFIRMATIVE DEFENSES HAVE A LEGAL AND FACTUAL BASIS AND SHOULD NOT BE STRICKEN.

Defendants' affirmative defenses have a legal and factual basis and should not be stricken.

Plaintiffs complain about the qualified immunity invoked by the individual defendants. Because they are sued for violations of plaintiff's constitutional rights, the qualified immunity affirmative defense is well-founded. See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982) and its progeny.

Plaintiffs complain about the lack of proper service affirmative defense. In the first place, plaintiff has not filed affidavits of service to demonstrate proper service. Secondly, defendant Kimble died before defendants filed the answer, so there is no way to ask him if he was properly served.

Plaintiffs complain about the lack of notice of claim affirmative defense, clarifying that plaintiffs do not assert state law claims. If plaintiffs stipulate to that in open court, defendants will gladly drop the affirmative defense. (In any event, plaintiffs have wasted time attempting to strike an affirmative defense to a claim they have not asserted. Even if the Court strikes the inapplicable affirmative defense, it helps plaintiffs' case not a whit.)

## POINT IV

### SANCTIONS ARE NOT APPROPRIATE AGAINST DEFENDANTS BUT MAY BE APPROPRIATE AGAINST PLAINTIFFS' COUNSEL.

In imposing Rule 11 sanctions, a court examines the objective reasonableness of the person signing the papers. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 111 S.Ct. at 932-33; United States v. International Brotherhood of Teamsters, 948 F.2d 1338, 1344 & n. 3 (2d Cir.1991). The reasonableness of the signer's conduct is determined by "focusing on the situation existing when the paper was signed." United States v. International Brotherhood of Teamsters, 948 F.2d at 1344. A pleading, motion, or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. United States v. International Brotherhood of Teamsters, id., 948 F.2d at 1344.

Defendants' answer was prepared after their counsel, Brian S. Sokoloff, made an initial investigation into the case. See Sokoloff Decl., submitted herewith.

If Rule 11 applies to anything here, it is to the instant motion, which challenges a routine answer of defendants, made after a good faith investigation by their counsel.

Plaintiff's counsel, on the other hand, does not walk into court with clean hands. 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess

>costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Id.

Bad faith is the touchstone of an award under this statute. See Steimel v. Incorporated Village of Rockville Centre, 965 F. Supp. 366 (E.D.N.Y.), aff'd, 141 F.3d 1152 (2d Cir. 1997) (citing United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338 (2d Cir. 1991)); see also Roadway Express v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 2465 (1980) (court must find the attorney's conduct "constituted or was tantamount to bad faith"). It is proper to infer bad faith when the attorney's actions lead to the conclusion that they must have been undertaken for some improper purpose such as delay. Steimel, 965 F.Supp. at 374 (citing Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir.1986)).

In addition to § 1927, the Court also has the inherent power to sanction for improper conduct, which derives from "the very nature of courts and their need to be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Int'l Bhd. of Teamsters, 948 F.2d at 1345 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)).

Bad faith in settlement negotiations may form the basis for sanctions under 28 U.S.C. § 1927. See Forman v. Mount Sinai Medical Center, 128 F.R.D. 591 (S.D.N.Y. 1989). In Forman, the Court assisted the parties in effectuating an agreed-upon settlement. After a conference in which the terms were discussed, defense counsel raised impediments, necessitating four telephone conferences and causing unreasonable delay. Id.

Defense counsel has repeatedly sought to resolve this case amicably. He has repeatedly solicited a settlement, only to be told repeatedly that the goal line was being moved. First, counsel said that he would supply a demand after defendants answered. Upon service of the

8

answer, counsel refused to provide a settlement demand, choosing instead to raise the costs of litigation by this motion. Counsel's conduct in promising – then refusing – to discuss settlement, followed by this meritless motion, is closing in on the type of foot-dragging and expense-raising tactics that § 1927 permits courts to penalize.

## CONCLUSION

For the reasons set forth above, defendants respectfully submit that plaintiffs motion to strike be denied and that the Court impose sanctions on plaintiffs' counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent power, together with such other and further relief as this Court deems proper and just, including an award of attorneys' fees to the defendants.

Dated :     Mineola, New York
            June 13, 2008

>                                    MIRANDA SOKOLOFF SAMBURSKY SLONE
>                                    VERVENIOTIS LLP
>                                    Attorneys for Defendants
>
>                                    By: /s/ _____
>                                         Brian S. Sokoloff (BSS-7147)
>                                         Charles A. Martin (CAM-1881)
>                                    The Esposito Building
>                                    240 Mineola Boulevard
>                                    Mineola, New York 11501
>                                    (516) 741-7676
>                                    Our File No.: 07-500

10