UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

MARTINE'S SERVICE CENTER, INC. AND             SUPPLEMENTAL
MICHAEL C. MARTINE,                            REPLY
              PLAINTIFFS,          AFFIDAVIT
                                    IN SUPPORT OF
                                    MOTION

        VS

THE TOWN OF WALLKILL, JOHN WARD, individually          CASE NO:
and as Supervisor of the Town of Wallkill, ROBERT HERTMAN,   O7 CV 6327 (SCR)
individually and as Chief of Police of the Town of Wallkill,
EUGENE JAQUES, individually and as Building Inspector of
the Town of Wallkill; DON KIMBLE, individually and as
Deputy Building Inspector of the Town of Wallkill,
WALTER J. BARRETT, individually and as Assistant
Building Inspector of the Town of Wallkill, and JOHN DOES I, II,
and III. Individually and as officers of the Town of Wallkill,

              DEFENDANTS.

_____X

STATE OPF NEW YORK
              SS:
COUNTY OF NEW YORK

STEPHEN L. OPPENHEIM, being duly sworn, deposes and says:

1. In paragraph 37 of my reply affidavit I requested leave to submit New York law regarding the propriety of making FOIL demands at the same time that one is litigating against the municipality.

2. This supplemental affidavit contains that material and I ask that the Court consider it in support of the motion.

3. At least since 1984, it has been clear-cut New York law that a litigant may proceed under the Freedom of Information Law independently of parallel litigation discovery procedures.

4. In that year the New York Court of Appeals put the question to rest, holding:

> When, as here, a government agency is involved in litigation, is its adversary, for purposes of access to the agency's records, a litigant governed by [CPLR] article 31, or a member of the public under FOIL? …[W]e hold that FOIL's mandate of open disclosure requires that an agency's public records remain as available to its litigation adversary as to any other person. M. Farbman & Sons, Inc. v. N.Y.C. Health and Hospitals Corp., 62 N.Y.2d 75, 80-81, 476 N.Y.S.2d 69, 71 (1984).

5. In the ensuing 24 years, the New York courts have not wavered from this principle. See, for example, Gould v. N.Y.C. Police Department, 89 N.Y.2d 267, 274, 653 N.Y.S.2d 54, 57 (1996), applying the principle to criminal cases.

6. Indeed, by 1997: "It is settled that the fact that a person is involved in litigation with a public agency does not diminish his rights under FOIL". Greco v. Supp, 171 Misc.2d 425, 426, 654 N.Y.S.2d 560, 561 (Sup Ct., Queens Co., 1997). (emphasis supplied)

7. The New York courts have consistently, decade after decade, held that " the fact [a party] was in litigation with the [municipality] will not affect the propriety of the FOIL request". Lucas v. Pastor, 117 A.D.2d 736, 498 N.Y.S.2d 461, 462 (2nd Dep't, 1986) Thus, in "particular, it is of no consequence that the records may be sought for purposes of litigation, even litigation against the agency to which the request is directed". City of Newark v. Law Department, 305 A.D.2d 28, 32, 760 N.Y.S.2d 431, 435 (1st Dep't, 2003).

8. As Plaintiffs' agent, I properly made FOIL demands, and nothing more, of the Defendants. In Fusco v. City of Albany, 134 Misc.2d 98, 509 N.Y.S.2d 763 (Sup. Ct, Albany Co., 1986)., the Court specifically rejected the claim that such a demand was a violation of the Code of Professional Responsibility:

> The Corporation Counsel's position evinces a fundamental misunderstanding of the Freedom of Information Law, controlling precedent of the Court of Appeals, and the Code of Professional Conduct

governing a lawyer's ethical activity, Id., 134 Misc.2d at 100, 509 N.Y.S.2d at 765.

The next area in which the Corporation Counsel is in error is his contention that ... the Code of Professional Responsibility prohibits an attorney for a litigant suing a governmental body from communicating with employees of that governmental body for the purpose of examining public records under the Freedom of Information Law...

....

The key language [of the Code of Professional Responsibility] is that permitting an attorney to directly contact an adverse party when "authorized by law to do so". The Freedom of Information Law is a law authorizing such direct contact without the prior consent of the government's lawyer. Any other construction would thwart the legislative intent behind FOIL, and run counter to the Court of Appeals rationale in *Matter of Farbman & Sons*... Id., 134 Misc.2d at 101-102, 509 N.Y.S.2d at 766.

_____
STEPHEN L. OPPENHEIM (SO 6643)

Sworn to before me this 24th day of June, 2008

_____
NOTARY PUBLIC OF THE STATE
OF NEW YORK

MILDRED ESTEVEZ
Notary Public, State of New York
No. 01ES6147148
Qualified in New York County
Commission Expires 05-20-2010

*UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

MARTINE'S SERVICE CENTER, INC. AND
MICHAEL C. MARTINE,      AFFIDAVIT
       PLAINTIFFS,      OF SERVICE

VS

THE TOWN OF WALLKILL, JOHN WARD, individually     CASE NO:
and as Supervisor of the Town of Wallkill, ROBERT HERTMAN,     O7 CV 6327 (SCR)
individually and as Chief of Police of the Town of Wallkill,
EUGENE JAQUES, individually and as Building Inspector of
the Town of Wallkill; DON KIMBLE, individually and as
Deputy Building Inspector of the Town of Wallkill,
WALTER J. BARRETT, individually and as Assistant
Building Inspector of the Town of Wallkill, and JOHN DOES I, II,
and III. Individually and as officers of the Town of Wallkill,

       DEFENDANTS.

————————————————————————X

State of New York     SS:
County of New York

Stephen L. Oppenheim, being duly sworn, deposes and says: On the 24th day June, 2008, I personally served a copy of the attached Reply affidavit on Brian S. Sokoloff, Esq., Miranda, Sokoloff Sambursky Slone and Verveniotis LLP, Attorneys for Defendants, The Esposito Building 240 Mineola Boulevard, Mineola, New York 11501, postage prepaid at a United States Post Office in New York, New York.

       STEPHEN L. OPPENHEIM (SO6643)

Sworn to before me this 24th day of June 2008

       NOTARY PUBLIC

MILDRED ESTEVEZ
Notary Public, State of New York
No. 01ES6147148
Qualified in New York County
Commission Expires 05-30-2010